■ ARMANDO E. TETO, Respondent, v. FLEET CHEVROLET CORP. et al., Appellants.— Order, entered on June 18, 1964, unanimously reversed, on the law and the facts and in the exercise of discretion, with $30 costs and disbursements, and motion to dismiss for lack of prosecution granted, with $10 costs. This action to recover damages for false arrest and malicious prosecution was commenced in March, 1961, and issue was joined in May, 1961. An examination before trial scheduled to be held in June, 1961, was adjourned without date. There were no further proceedings in the action until the filing of a note of issue in January, 1964. Special Term, when the motion was first submitted, correctly held that, upon the affidavits and papers before the court, " The serving and filing of a note of issue after a period of almost three years, where the plaintiff has done practically nothing to prosecute the action, cannot relieve or excuse his delay in doing so (see *Sortino* v. *Fisher* [20 A D 2d 25, 30–31]) * * * the contention of counsel that he has been misled by defendants' counsel is not sufficient to cause this motion to be denied." It was an abuse of discretion, however, for Special Term to thereafter allow reargument on the basis of the 1964 amendment to CPLR 3216 (L. 1964, ch. 974) and, on reconsideration, to deny the motion to dismiss. Concur — Breitel, J. P., Valente, Stevens, Eager and Bastow, JJ.

■ In the Matter of the Arbitration between KOOL AIR SYSTEMS, INC., Appellant, and SYOSSET INSTITUTIONAL BUILDERS, INC., Respondent.— Order, entered on June 17, 1964, denying motion to confirm arbitrator's award, unanimously reversed, on the law and the facts, with $30 costs and disbursements to appellant, and motion to confirm award granted, with $10 costs. Special Term denied the motion to confirm the award upon the ground that the arbitrator was guilty of misconduct in refusing an adjournment. It is not the refusal of any adjournment which constitutes misconduct but where the refusal forecloses the presentation of evidence. Generally, whether to grant or refuse an adjournment is within the discretion of the arbitrator (*Matter of Loyal Automobile Ins. Co.* [*Dempsey-Tegeler & Co.*], 19 A D 2d 596). And it is only if the discretion is abused that misconduct results. Here it appeared that respondent repeatedly sought adjournment of the proceedings. One such adjournment was granted and respondent had the benefit of additional adjournments made necessary by the unavailability of the arbitrator. There was no compelling necessity for the adjournment refused. The best that can be said for it is that respondent's officers, who were its witnesses, had other business which they preferred to attend to at the time set for the hearing. We find no abuse of discretion in refusing the adjournment. Concur — Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ.