■ In the Matter of the Arbitration Between A & R Construction Co., Inc., Respondent, and 'Gorlin-Okun, Inc., Appellant.— Appeal from (1) an order of the Supreme Court at Special Term, entered May 1, 1972 in Madison County, which confirmed an arbitration award in favor of respondent, (2) the judgment entered thereon, and (3) an order entered July 19, 1972, which, after rehearing, denied appellant's motion to vacate the order and judgment of May 1, 1972. Appellant and respondent were, respectively, contractor and subcontractor on a public construction contract. As a result of a dispute between the parties, this action was instituted in Supreme Court by respondent. Appellant successfully moved in June, 1971 for an order staying the proceedings and compelling arbitration which was finally scheduled for hearings on March 20 and 21, 1972. Appellant's main contention is that the refusal of the arbitrators to grant an adjournment was an abuse of discretion so as to constitute misconduct. A refusal to adjourn a hearing which forecloses the presentation of evidence may amount to misconduct, but generally the refusal to grant or refuse an adjournment is a matter within the discretion of the arbitrator (*Matter of Kool Air Systems* [*Syosset Institutional Bldrs.*], 22 A D 2d 672; *Matter of Loyal Auto. Ins. Co.* [*Dempsey-Tegeler & Co.*], 19 A D 2d 596, affd. 16 N Y 2d 915.) On March 16, 1972 appellant's attorneys sought an adjournment on the ground that Gorlin, a principal of the appellant, would be unavailable on March 20. This was denied, and no objection thereto was raised. On March 17 an adjournment was again requested, this time on the ground that a witness, Bruni, was ill and had been advised by his doctor to remain in bed for a week and a half. A conference call was arranged between the parties' attorneys and two of the arbitrators during which the following was revealed: (1) there was no doctor's certificate or other evidence of Bruni's alleged illness; (2) appellant's attorney had not talked to nor possibly even known of Bruni before that date; and (3) respondent had brought its witnesses from some distance and had made accommodations for them. It subsequently was learned that Bruni had gone to work on the two hearing dates. On March 20 appellant's attorney appeared alone, made a statement on the record and again requested an adjournment which was

denied, and left without offering any other evidence or even an affidavit of Bruni. The court below held that a factual question had been presented to the arbitrators on Bruni's availability, and that in resolving it against appellant they did not abuse their discretion. Our review of the record indicates that this determination was supported by the evidence. Appellant also contends that jurisdiction was not acquired over it by service by mail upon its attorney of the petition for the order confirming the award, contending that it was necessary to bring a special proceeding and serve the petition upon appellant in the same manner as service of a summons (CPLR 403, subd. [c]). We disagree. "A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy *which is not made by motion in a pending action*" (CPLR 7502, subd. [a]). (Italics supplied.) Here, there was a pending action which had merely been stayed but not discontinued (see CPLR 7503) so that a special proceeding was not required. We have examined appellant's other contentions and find them to be without merit. Orders and judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.