■ In the Matter of the Arbitration between Woodco Manufacturing Corp., Respondent, and G. R. & R. Manufacturing, Inc., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered June 19, 1975 in Albany County, which vacated the award of an arbitrator, and ordered a rehearing before the same arbitrator. A dispute arose between appellant, a Tennessee corporation, and respondent under an agreement to sell and install certain machinery at respondent's plant in Schuylerville, New York. Pursuant to the agreement, the matter was submitted to arbitration and an arbitrator was thereafter appointed who set the date of October 28, 1974 for the initial arbitration hearing. Appellant objected, claiming that it needed additional time to gather witnesses and transport them from Tennessee. The matter was rescheduled for November 4, 1974. Appellant

requested a further adjournment to procure local counsel, its original counsel having been discharged. This request was denied by the arbitrator and hearings were held on November 4 and 5, with neither appellant nor its counsel present. A motion was thereafter made to confirm an award rendered by the arbitrator. This motion was denied and appellant's cross motion to vacate the award pursuant to CPLR 7511 was granted by Special Term. The court held that the refusal of the arbitrator to grant appellant's request for an adjournment was an abuse of discretion. Although the court did not address itself to the question of whether the rehearing should be conducted before a new arbitrator, on resettling the order submitted, Special Term ordered that the rehearing be held before the same arbitrator. This appeal ensued. The sole issue on this appeal is whether the arbitrator's refusal to adjourn an arbitration hearing, under the circumstances herein presented, constituted misconduct such that a new arbitrator should be appointed. Where the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence, such refusal constitutes sufficient misconduct to vitiate the award. *(Matter of Navarro [Kachurin],* 266 App Div 181; *Matter of Palay Textile Corp. [Trio Togs],* 36 Misc 2d 646; cf. *Gervant v New England Fire Ins. Co.,* 306 NY 393.)* In our opinion, by holding that the arbitrator abused his discretion, Special Term implicitly held that he was guilty of misconduct within the purview of CPLR 7511 (subd [b], par 1, cl [i]). The order should, therefore, be modified to provide that the rehearing be held before a new arbitrator. Order modified, on the law and the facts, so as to provide that a rehearing be held before a new arbitrator, and, as so modified, affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.