■    In the Matter of the Arbitration between ANTONIO REALE et al., Appellants, and B. HEALY N. Y. CORPORATION, Respondent.—Appeal from an order and judgment of the Supreme Court at Special Term, entered November 6, 1975, in Montgomery County which denied petitioners' motion to vacate an arbitrators' award and granted respondent's cross motion to confirm the award. The facts are not in dispute. Petitioners, as owners, and respondent, a general contractor, entered into a written agreement for the construction of a shopping center in Amsterdam, New York. A dispute arose concerning petitioners' failure to pay for work performed and materials delivered and, pursuant to a provision of the agreement, respondent, on March 6, 1974, served a demand for arbitration. Respondent sought payment in the sum of $480,797. Petitioners counterclaimed, demanding $357,-493 for failure to complete the shopping center in accordance with the plans and specifications. After seven hearings the arbitrators awarded respondent $425,011 less $40,000 on the counterclaim, for a total award of $385,011. Petitioners moved to reopen the hearings and the application was denied. Petitioners then moved to vacate the award (CPLR 7511). Special Term denied petitioners' motion and confirmed the arbitrators' award (CPLR 7511, subd [e]). This appeal ensued. Petitioners' motion was grounded on allegations that they were prejudiced by the arbitrators' misconduct in procuring the award and that the arbitrators exceeded their powers and so imperfectly executed them that a final and definite award was not made. Specifically, petitioners allege (1) that the denial by the arbitrators of their application to reopen the hearings prejudiced their opportunity to present evidence in support of their counterclaim, (2) that the arbitrators violated section 34 of the Construction Industry Arbitration Rules, and (3) that the lack of a written record prevented the arbitrators from perfectly executing their powers. (CPLR 7511, subd [b], par 1, cls [i], [iii].) The record is clear that at the conclusion of the sixth day of the hearings before the arbitrators, April 8, 1975, petitioners had not only concluded the direct examination of their architect, but conceded that the witness could give no testimony relevant to their counterclaim. Further, the record is also clear that respondent agreed to defer cross-examination of petitioners' architect until May 22, 1975 to permit petitioner Reale to testify or, in his absence, for Real's records to be produced. If neither eventuality should occur, i.e., the testimony of Reale or the production of his records, petitioners stipulated they would rest their case. Thereafter, petitioners sought to adjourn the May 22 hearing on the grounds that they needed to secure additional information about certain highway construction costs and the unavailability of their architect to give testimony on that date. Special Term was correct in

concluding that the arbitrators' refusal to grant an adjournment did not prejudice petitioners' opportunity to prove their counterclaim. The petitioners had conceded at the conclusion of the April 8 hearing that their architect could give no additional evidence relevant to their counterclaim, and Reale had left for Spain prior to petitioners' receipt of the arbitrators' denial of their request for an adjournment. Therefore, since Reale could not have been present on May 22 and since petitioners' attorneys not only failed to produce Reale's records, as they had stipulated, but failed to appear at all, they cannot now be heard to complain that their rights have been prejudiced. This court recently stated in *Matter of Woodco Mfg. Corp. (G. R. & R. Mfg.)* (51 AD2d 631, 632): "Where the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence, such refusal constitutes sufficient misconduct to vitiate the award." We conclude that no such misconduct occurred herein. The petitioners had conceded that their architect had no relevant testimony to give and, next, since the record contained evidence from which the highway costs could be computed, no additional time was needed for that purpose. The question of whether to grant or deny an adjournment is within the discretion of the arbitrators *(Matter of A & R Constr. Co. [Gorlin-Okun, Inc.],* 41 AD2d 876; *Matter of Kool Air Systems [Syossete Institutional Bldrs.],* 22 AD2d 672). While denial may amount to misconduct *(Matter of Woodco Mfg. Corp., supra),* the burden of proving misconduct rests on the party attacking the award and must be met by clear and convincing proof. Petitioners have failed to meet that burden. We also conclude that the arbitrators did not exceed their powers and, in effect, make a new contract between the parties by closing the hearings without asking petitioners whether they had further proof. Petitioners' stipulation on April 8, 1975 to produce either Reale or his records at the May 22 hearing or rest their case, coupled with their attorney's failure to appear, could reasonably be construed by the arbitrators as an admission that petitioners had no further proof to offer, thereby obviating the necessity of making oral inquiry as required by section 34 of the Construction Industry Rules of the American Arbitration Association. Furthermore, since section 34 was incorporated into the arbitration clause by reference, it is, in effect, procedural and does not qualify as a statutory ground for vacating or modifying an award *(Matter of Jasper [Royal Mink Corp.],* 41 AD2d 730). Lastly, the length of time between hearings and the lack of a written record are meritless as reasons for award vacation. The petitioners failed to apply to the court for an order compelling the arbitrators to proceed more promptly (CPLR 7506, subd [b]) and cannot now be heard to complain about the length of the hearings. Next, petitioners never requested a written record or objected to the lack thereof. In any event, neither of these grounds is enumerated in CPLR 7511 (subd [b]) and the grounds enumerated therein for vacation of an award are exclusive *(Matter of Cashman [New Hampshire Merchants Ins. Co.],* 42 AD2d 732). Order and judgment affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.