■ In the Matter of the Arbitration between PETER OTTLEY, as President of Local 144, Hotel, Hospital, Nursing Home and Allied Health Services Union, SEIU, AFL-CIO, Appellant, and MORRIS MOSTOFF et al., Doing Business as DOVER NURSING HOME, Respondents. — Judgment, Supreme Court, New York County, entered June 26, 1980, vacating the arbitration award and ordering a rehearing, unanimously reversed, on the law and on the facts, application to confirm granted and cross motion to disaffirm denied, without costs. Generally it is within the sound discretion of an arbitrator to grant or refuse an adjournment. An arbitrator commits misconduct when he abuses that discretion *(Matter of Kool Air Systems [Syosset Institutional Bldrs.],* 22 AD2d 672; CPLR 7511, subd [b], par 1, cl [i]). The party challenging an arbitration award has the burden of proving misconduct by clear and convincing proof *(Matter of Reale [Healy N.Y. Corp.],* 54 AD2d 1039, 1040). The arbitrator granted an adjournment to the respondents on June 5, 1979 because their counsel was engaged elsewhere at that time. On the adjourned date, June 27, 1979, counsel for the respondents appeared alone. Since he could offer no excuse for the absence of his clients or their representatives, the arbitrator did not abuse his discretion in denying any further adjournment. After the arbitrator rendered his award in favor of the petitioner, counsel for respondents sent a letter to the arbitrator to request that the hearing be reopened. Counsel stated that Ann Solnick, the licensee of Dover Nursing Home, was sick on June 27, 1979. Hyman Solnick, the administrator of the facility, was allegedly tending to his wife on that date. Even if it were assumed that the Solnicks had a valid reason for not attending the June 27 hearing, no excuse was offered to the arbitrator as to why the director of nursing services did not appear at that hearing. As the arbitrator stated in both his determination, dated July 9, 1979, and his letter, dated November 1, 1979, the director of nursing services was in charge of scheduling the nursing personnel and the logical person to explain respondents' version of these grievances relating to vacation scheduling. The arbitra-

tor, who had been permanently appointed under the subject agreement to resolve labor disputes between the parties, was totally familiar with the personnel structure of the Dover Nursing Home and its concomitant employment problems. As is evident from his determination, the arbitrator believed that the respondents were unnecessarily attempting to delay the hearing. Consequently, it cannot be said that the arbitrator abused his discretion in refusing to reopen the hearing. Concur — Murphy, P. J., Sullivan, Carro and Silverman, JJ.