■ In the Matter of the Arbitration between LEBLON CONSULTANTS, LIMITED, Appellant, and JACKSON CHINA, INC., Respondent. — Judgment (denominated an order), Supreme Court, New York County (Ryp, J.), entered May 20, 1982, which denied petitioner's application to confirm an arbitrator's award and granted the cross motion by respondent to vacate the award, and remanded the matter to the American Arbitration Association, affirmed, without costs or disbursements. We agree with the conclusion reached by Special Term that, under the circumstances of this case, the refusal of the arbitrator to grant respondent's reasonable request for an adjournment constituted misconduct which justified vacatur of the award and remand of the matter to the American Arbitration Association (AAA) (*International Components Corp. v Klaiber*, 59 AD2d 853; *Matter of Woodco Mfg. Corp. [G.R. & R. Mfg.]*, 51 AD2d 631). The record reflects a history of prior adjournments and delay by both parties. Respondent had sought, first by telephone request to the AAA and, subsequently, by application to the arbitrator, to schedule the hearing during a week when Mr. Greystoke, a British citizen, would be in New York on business. Greystoke, at the time of the application, was in England. It is alleged that he was the only employee of respondent who had knowledge of the underlying dispute. His unavailability on the scheduled date of the hearing, according to respondent, necessitated the application since counsel considered Greystoke's presence as indispensable in the contemplated cross-examination of petitioner's key witness. Under the circumstances, we agree that the arbitrator abused his discretion in denying this reasonable request for an adjournment, which we find constituted misconduct sufficient to vacate the award under CPLR 7511 (subd [b], par 1). Although not raised directly on the appeal, since the disposition of Special Term determined the rights of the parties in this special proceeding, CPLR 411 required entry of a judgment, albeit interlocutory (*Matter of Miller [Ives]*, 79 Misc 2d 184; *Matter of 1825 Realty Co. v Gabel*, 44 Misc 2d 168; *Matter of Avalon East v Monaghan*, 43 Misc 2d 401; 1 Weinstein-Korn-Miller, NY Civ Prac, par 411.01). The memorandum of Special Term so directed, requiring the parties to "[s]ettle judgment providing that the matter be remanded to the AAA." Any application which may be necessary, in the future, to confirm, vacate or modify any award rendered, of necessity, will concern subsequent events, will require a different petition and answer than that interposed herein and may raise issues wholly distinct from those litigated in this special proceeding. Concur — Kupferman, J. P., Carro, Fein and Kassal, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from, deny respondent's application to vacate the arbitration award, and confirm the arbitrator's award. Respondent's counsel requested an adjournment of the arbitration hearing at which a witness for petitioner was to be examined because he wanted to have his client present to aid him on cross-examination. In my view the arbitrator acted within the permissible range of his discretion in refusing this adjournment, particularly in view of the history of many previous adjournments and delays and the fact that there was to be an adjournment anyhow for further proceedings. I must add that I have had some doubt as to whether I am under any obligation to dissent in this case in view of the complete failure of appellant to furnish record references for the facts upon which it relies. Further it would seem to be improper to refer in appellant's brief to the amount of a proposed settlement.