■ In the Matter of EUGENE A. GRIFFIN, Appellant, v IRV AYASH et al., Respondents.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered February 14, 1986, which, *inter alia,* denied petitioner's application to confirm an arbitrator's award and granted respondents' application to vacate the arbitrator's award, unanimously reversed, on the law, the arbitrator's award reinstated and the application to confirm the award granted, with costs.

In response to petitioner's motion to confirm the arbitrator's award in the amount of $7,950 in this commercial dispute, respondents cross-moved to vacate the award on the grounds of CPLR 7511 (b) (1) (iii) and (iv), claiming that they were not given an opportunity to present their case because of the misconduct of the arbitrator. Special Term granted the cross motion without comment.

The record reveals that the arbitration was scheduled for 8:00 A.M. on May 29, 1985 at the office of the arbitrator. Petitioner and his attorney appeared by that time, and, together with the arbitrator, they waited until after 9:00 A.M., by which time neither the respondents nor their attorney had appeared. The arbitrator then telephoned respondent Ayash and offered him the opportunity to come directly to the arbitrator's office and proceed. Ayash declined this offer and instead accepted the arbitrator's alternative offer to submit a written response by June 5, which Ayash did.

In support of respondents' cross motion to vacate the award, Ayash submitted an affidavit at which he claims that he appeared at the arbitrator's office building at 9:00 A.M. but could not find the particular office. Ayash contends that in a telephone conversation later that day the arbitrator refused his request for an "adjournment", somehow "ignored" his written submissions, and consequently "imperfectly executed" his powers in making an award.

Special Term erred in granting the respondents' cross motion to vacate the award. The arbitrator did not commit misconduct or imperfectly execute his power in the manner in which he conducted this arbitration. Even assuming arguendo

the respondents' characterization of the incident as a refusal to grant an adjournment, the decision whether or not to grant an adjournment rests within the sole discretion of the arbitrator, and only if that discretion is abused does "misconduct" result. *(E.g., Harwyn Luggage v Henry Rosenfeld, Inc.,* 90 AD2d 747, *affd* 58 NY2d 1063.) There is no indication here that the arbitrator abused his discretion, especially since his actions did not foreclose the respondents from presenting their evidence. *(Matter of Woodco Mfg. Corp. [G.R. & R. Mfg.],* 51 AD2d 631; *Matter of Kool Air Sys. [Syosset Institutional Bldrs.],* 22 AD2d 672.) Moreover, there is nothing in the record to indicate that there was in fact any request before the arbitrator to adjourn the proceedings. *(See, Clarendon Vending Corp. v Picciola,* 80 AD2d 907.) The respondents cannot benefit from their own failure to appear at the arbitration as scheduled. They availed themselves of the opportunity to present their case in writing and it cannot be said that the arbitrator did not consider the positions of both parties in arriving at his determination. Concur—Kupferman, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.