■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v BARBARA PROVUS, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an uninsured motorist arbitration award, in which a cross motion was made to vacate the award, the uninsured motorist claimant appeals from an order of the Supreme Court, Queens County (Bambrick, J.), dated August 26, 1987, which granted the uninsured motorist insurer's motion for reargument and, upon reargument, vacated the arbitration award, ordered that the claimant submit to a physical examination, and directed that a new arbitration hearing be held before a new panel.

Ordered that the order is affirmed, with costs.

Based on the medical reports furnished to it prior to the uninsured motorist arbitration held in this case, the petitioner had every reason to believe that the claimant's injuries amounted to nothing more than "post-concussive syndrome" which "would recede in time". However, at the arbitration

hearing, the claimant produced an expert witness who testified that the claimant in fact suffered from a permanent form of epilepsy. This witness testified with reference to a medical report which had never been furnished to the petitioner and which contained a diagnosis of "post-traumatic seizure disorder [which] is permanent and is not likely to improve". The monetary award made by the arbitrators indicates that they accepted this doctor's assessment of the claimant's condition.

We agree with the Supreme Court that the arbitrators abused their discretion when they refused to grant the petitioner's request for an adjournment of the arbitration hearing in order to allow it to exercise its right to conduct a physical examination of the claimant. The petitioner had been misled into believing that the claimant's injuries were so minor as to render a physical examination unnecessary. It had relied, to its detriment, upon misleading medical reports and was consequently unprepared to rebut the expert medical evidence produced by the claimant at the arbitration hearing. The arbitration hearing, as it was conducted, was completely one sided, and fundamentally unfair. Under these particular circumstances, the refusal of the arbitrators to grant the petitioner's application for an adjournment constitutes misconduct which warrants vacatur of the award (CPLR 7511 [b] [1] [i]; *see, generally, Matter of Leblon Consultants [Jackson],* 92 AD2d 499; *International Components Corp. v Klaiber,* 59 AD2d 853; *Matter of Woodco Mfg. Corp. [G. R. & R. Mfg.],* 51 AD2d 631). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.