■ In the Matter of OMEGA CONTRACTING, INC., Respondent, v MAROPAKIS CONTRACTING, INC., Appellant, et al., Respondent.—In a proceeding to confirm an arbitration award, Maropakis Contracting, Inc., appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), dated September 6, 1988, which granted the petition and denied the cross application to vacate the award.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the cross application is granted, the award is vacated, and the matter is remitted for a new hearing before a different arbitrator.

It is well established that the decision as to whether to grant or to refuse an adjournment is within the sound discretion of the arbitrator and that it is only when that discretion is abused that misconduct results (see, CPLR 7511 [b] [1] [i]; *Matter of Griffin v Ayash*, 125 AD2d 226; *Harwyn Luggage v Henry Rosenfeld, Inc.*, 90 AD2d 747, *affd* 58 NY2d 1063; *Matter of Ottley [Mostoff]*, 79 AD2d 964, *affd* 54 NY2d 698; *Matter of Reale [Healy N. Y. Corp.]*, 54 AD2d 1039). Such an abuse of discretion may occur where, as here, the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence (*see, State Farm Mut. Auto. Ins. Co. v Provus*, 149 AD2d 498; *Matter of Griffin v Ayash, supra; Matter of Woodco Mfg. Corp. [G. R. & R. Mfg.]*, 51 AD2d 631).

The instant case arose out of a dispute between a contractor, the appellant Maropakis Contracting, Inc., and its subcontractor on a public works contract, the petitioner Omega Contracting, Inc., as to whether the petitioner had completed its work under the subcontract. On the second day of the arbitration hearing, the arbitrator, over the objection of the

appellant's attorney, and despite having been advised that the appellant's principal would be late due to car trouble, allowed the petitioner to present its case. After the petitioner rested, the arbitrator denied the request of the appellant's counsel for an adjournment to present rebuttal evidence. It was subsequently learned that the appellant's principal had failed to appear due, in addition to the car trouble, to a medical emergency involving his daughter. The appellant's further requests to reopen the hearing were denied, and an award was eventually entered in favor of the petitioner.

In support of its cross application to vacate the award, the appellant established that the medical emergency of the daughter of its principal was genuine and that the petitioner's evidence came as a surprise. Part of the proposed rebuttal evidence included the complete set of "punch lists" on the project which would appear to be relevant to a proper determination by the arbitrator.

Under these circumstances, we conclude that the arbitrator abused his discretion in refusing to grant the appellant an adjournment, thereby foreclosing the presentation of material and pertinent evidence to the appellant's prejudice (see, State Farm Mut. Auto. Ins. Co. v Provus, supra; Matter of Woodco Mfg. Corp. [G. R. & R. Mfg.], supra). Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.