■ In the Matter of the Arbitration between MARILYN L. HERSKOVITZ, Appellant, and L.B. KAYE ASSOCIATES, LTD., Respondent.—Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered June 14, 1989, denying petitioner's application to confirm an arbitration award and granting respondent's cross motion to vacate the same because of the arbitrator's misconduct, unanimously reversed, on the law, with costs and disbursements, the motion granted, cross motion denied and the award confirmed. Appeal from the order of the same court and Justice, entered December 11, 1989, modifying the judgment entered June 14, 1989, by providing that the remand for further proceedings be conducted before the same arbitrator, dismissed as moot, without costs and disbursements.

In this arbitration proceeding petitioner sought to recover over $140,000, representing her share of real estate brokerage fees on the sale of two residential apartment units. Respondent counterclaimed that petitioner, while in its employ, conspired to compete against it and to take with her and away from respondent a number of salespersons and brokers working under her supervision. Respondent also alleged that petitioner removed confidential information from its premises. After respondent's petition to stay was denied, arbitration proceeded through 13 evidentiary hearings until July 16, 1987, when the parties consented to an adjournment sine die in the hope of agreeing upon a stipulated set of facts. After a year's passage, however, no such agreement could be reached, and on March 2, 1988, the arbitrator conducted a procedural conference "to plan for the rest of the hearing process". Petitioner wanted to reconvene the hearings in April but respondent's counsel, who had a long list of witnesses to be called in furtherance of the counterclaims, opted for May since he would be tied up with a six-week trial of a preferred matter, set to start on March 14. After a discussion of the holidays and scheduling difficulties, the arbitrator scheduled the next evidentiary hearing for May 9, 1988, with four

additional evidentiary sessions set for May 11-13 and 16. The parties were asked to keep May 18-20 open should additional days be necessary. As May 9 approached, respondent's counsel advised the arbitrator that the preferred matter was now set to commence on May 2 and that respondent would not be able to meet the scheduled date for recommencement of the arbitration. Petitioner's counsel strongly objected to any adjournment. By letter dated May 2, 1988, referring to an April 29, 1988 telephone conference call among counsel and the arbitrator, the Tribunal Administrator of the American Arbitration Association (AAA), advised the parties that, "as directed by the Arbitrator", the hearings would proceed as scheduled "absent a court order ordering the [parties] and this Association to postpone said hearing dates." It is conceded that respondent's counsel never asked the Justice before whom the trial was to be held to postpone the trial or to postpone the arbitration's May 9 hearing date. At the scheduled May 9 hearing an attorney from the office of respondent's counsel, not knowledgeable about the case, made another application for an adjournment on the ground that "[e]veryone in my office is engaged on the [preferred matter] trial." The arbitrator ordered the matter to proceed. Final evidence was taken and the arbitrator asked for the submission of briefs. She did, however, permit respondent to submit affidavits with its posthearing submission, without limitation as to the number or content of the affidavits. In fact, respondent submitted the affidavits of four persons with its posthearing memorandum.

It should be noted that petitioner presented all her evidence in support of her claim in approximately one hour at the first evidentiary hearing held on March 5, 1987. All the other hearings, other than on May 9, 1988, were devoted to taking respondent's evidence on its counterclaims. The hearing transcript consisted of 3,344 pages.

On September 21, 1988, the arbitrator issued her decision awarding petitioner $143,386.19 on her claims for commissions and overrides, and awarding respondent $9,705 on its counterclaim for breach of fiduciary duty and conversion, denying its counterclaims for, *inter alia,* "fraudulent concealment", "negligence", unauthorized placement of an advertisement and for breach of contract. The arbitrator stated that in making the award she considered all "the evidence presented, and the evidence proposed for presentation by Counsel for [respondent]".

Petitioner moved to confirm the award and respondent

cross-moved to vacate on the ground, *inter alia,* that the arbitrator was guilty of misconduct in refusing to grant an adjournment and "hear pertinent and material evidence." The IAS court, finding that the arbitrator was guilty of misconduct in refusing to grant an adjournment of the May 9, 1988 hearing, vacated the award and remanded the matter for a "rehearing and determination of all issues." The court subsequently modified its determination to the extent of directing that any new hearing be before the same arbitrator. We reverse the judgment and reinstate the award.

An arbitration award will not be vacated "unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation". *(Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308.) Every reasonable intendment is indulged in favor of the award. *(Matter of Mencher [Geller & Sons],* 276 App Div 556, 565.) Generally, it is within the sound discretion of an arbitrator to grant or refuse an adjournment. *(Matter of Kool Air Sys. [Syosset Institutional Bldrs.],* 22 AD2d 672.) Only where it is shown that the arbitrator abused that discretion does his decision amount to misconduct. *(Supra; Matter of Ottley [Mostoff],* 79 AD2d 964, *affd* 54 NY2d 698.) The one seeking to avoid the award has the burden of establishing misconduct by "clear and convicting proof". *(Supra,* at 964; *Matter of Reale [Healy N. Y. Corp.],* 54 AD2d 1039, 1040.)

The arbitrator's refusal, in the circumstances presented, to grant a postponement and her acceptance of affidavits in support of respondent's claims were within her sound discretion and powers. CPLR 7506 (b) provides that an "arbitrator may adjourn or postpone the hearing." Furthermore, CPLR 7506 (c) provides that, "[n]otwithstanding the failure of a party duly notified to appear, the arbitrator may hear and determine the controversy upon the evidence produced." Here, the arbitrator's refusal to grant respondent's request for an adjournment of the sixteenth hearing, made after having two months' notice of the scheduled hearing date and 10 days' notice that the AAA would require a court order postponing said hearing, was both appropriate and reasonable. In that connection, it is noteworthy, as this record discloses, that respondent's counsel never even sought to obtain a court-ordered stay of the scheduled May 9th hearing, as suggested by the arbitrator. Clearly, respondent charted its own procedural course and cannot now be heard to complain. Nor was there, as respondent argues, a foreclosure of its opportunity to

present evidence since respondent availed itself of the opportunity to present its evidence through affidavits. On that point, the arbitrator specifically stated that her award was made after careful consideration of "all of the evidence presented, and the evidence proposed for presentation".

In any event, based on our review of the record on appeal of the matter in which respondent's counsel was supposedly engaged, we find that preliminary proceedings took place on April 20, 1988 and that the trial itself consumed nine court days from May 2 to May 31, 1988. Respondent's counsel in the arbitration proceeding was represented in the court proceeding by an associate and another attorney. At no time did counsel himself appear on the record in that case. Despite the attempt to foster the impression that the entire staff of attorneys in the office of respondent's counsel was engaged in the trial of that action, there is no indication in the record of that matter that respondent's counsel was ever personally involved in that case. Concur—Sullivan, J. P., Rosenberger, Ellerin, Ross and Smith, JJ. [See, 170 AD2d 272.]