■ In the Matter of the Arbitration between KATHERINE R. Cox, as Executrix of LYMAN S. COX, JR., Deceased, Respondent, and ROBERT D. MITCHELL et al., Appellants.—Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered December 6, 1991 in Albany County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner's decedent, Lyman S. Cox, Jr., was the founder, chief executive officer and majority shareholder of Air Ken-

tucky Airlines, Inc. (hereinafter Air Kentucky), a small commuter airline headquartered in Owensboro, Kentucky. In December 1985, decedent and certain family members agreed to sell a controlling interest in Air Kentucky to respondents and a third individual (who is not a party to this appeal); in return, respondents agreed to indemnify decedent and his family on Air Kentucky's $3 million of existing corporate debt. Air Kentucky also entered into an employment agreement with decedent, wherein it agreed to employ decedent as a consultant for a period of nine years, beginning January 1, 1986 and ending December 31, 1994, at a salary of $20,000 per year. In the event of decedent's death, Air Kentucky was to continue making payments to decedent's estate and, at the end of the employment term or upon decedent's death, Air Kentucky was to purchase decedent's stock for $20,000.

After the sale was completed, respondents allegedly discovered that Air Kentucky was in arrears on various tax obligations. Decedent and Air Kentucky both sought bankruptcy protection, decedent in the U.S. Bankruptcy Court for the Western District of Kentucky and Air Kentucky in the U.S. Bankruptcy Court for the Southern District of Indiana. Decedent also ceased performing services for Air Kentucky which, in turn, stopped paying decedent the agreed-upon salary. In September 1988 decedent commenced, within his bankruptcy proceeding, an adversarial proceeding against Air Kentucky and respondents for the salary owed him under the employment agreement; it was decedent's theory that respondents were guarantors of Air Kentucky's obligations in this regard. Respondents and Air Kentucky counterclaimed for an offset based upon the alleged undisclosed tax liabilities and subsequently moved to stay the adversarial proceeding against them so that the dispute as to the employment agreement could be submitted to arbitration as required under the terms of that agreement. Respondents' motion for a stay was granted in March 1989.

Thereafter, in March 1990, decedent moved to terminate the automatic stay in effect in the Bankruptcy Court in Indiana in order to permit joinder of Air Kentucky in the arbitration proceeding. Although that motion was subsequently denied in October 1991, decedent proceeded, in the interim, to serve a notice to arbitrate upon respondents, demanding $160,000 as compensation due under the employment agreement. The matter proceeded to arbitration in November 1990, at which time respondents objected to decedent's apparent failure to serve Air Kentucky with a notice to arbitrate. The arbitrators,

however, implicitly concluded that Air Kentucky was not a necessary party and ultimately awarded decedent the full amount of compensation sought by him under the employment agreement. Although not explicitly mentioned in the arbitration award, respondents' counterclaim was apparently rejected by the panel. Following decedent's death petitioner, as executrix of decedent's estate, moved to confirm the arbitration award. Supreme Court confirmed the award and this appeal by respondents followed.

Respondents argue on appeal that the arbitrators' failure to adjourn the proceeding to permit joinder of Air Kentucky as a necessary party constitutes misconduct. We cannot agree. It is well settled that an arbitration award will not be vacated "unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" *(Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907, 909; *see, Matter of State of New York [State Univ. Coll.—Buffalo] [United Univ. Professions],* 187 AD2d 822, 823; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Transport Workers Union,* 182 AD2d 626, 627, *lv denied* 80 NY2d 755). The grounds for vacating an arbitration award, as set forth in CPLR 7511 (b), are exclusive *(Matter of Hirsch Constr. Corp. [Cooper],* 181 AD2d 52, 55; *Wally v Cameron Indus.,* 179 AD2d 548, *lv denied* 80 NY2d 754), and "as long as arbitrators act within their jurisdiction, their awards will not be set aside because they have erred in judgment either upon the facts or the law" *(Matter of Goldfinger v Lisker,* 68 NY2d 225, 230). It is equally well settled that the decision to grant or deny a request for an adjournment rests within the sound discretion of the arbitrator and it is only when that discretion is abused that misconduct results *(see, Matter of Herskovitz [Kaye Assocs.],* 170 AD2d 272, 274, *lv dismissed* 78 NY2d 899; *Matter of Kool Air Sys. [Syosset Institutional Bldrs.],* 22 AD2d 672). Although such misconduct may occur where the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence *(see, Matter of Omega Contr. v Maropakis Contr.,* 160 AD2d 942; *Matter of Woodco Mfg. Corp. [G.R. & R. Mfg.],* 51 AD2d 631, 632), "the burden of proving misconduct rests on the party attacking the award and must be met by clear and convincing proof" *(Matter of Reale [Healy N. Y. Corp.],* 54 AD2d 1039, 1040; *see, Matter of Disston Co. [Aktiebolag],* 176 AD2d 679, *lv denied* 79 NY2d 757; *Matter of Herskovitz [Kaye Assocs.], supra,* at 274).

We are unable to conclude that the arbitrators' refusal to

grant an adjournment here constituted misconduct *(cf., Matter of Omega Contr. v Maropakis Contr., supra; State Farm Mut. Auto. Ins. Co. v Provus,* 149 AD2d 498). The thrust of respondents' argument on appeal is that the failure to grant an adjournment to permit joinder of Air Kentucky as a necessary party precluded respondents from presenting relevant and material evidence on their counterclaim because the "best evidence" on that claim, i.e., the tax records and bills, was in Air Kentucky's possession. Although respondents apparently retained no ownership interest in Air Kentucky at the time of the arbitration, they concede in their verified answer that they still had an ownership interest in Air Kentucky at the time decedent commenced the adversarial proceeding against them and Air Kentucky in September 1988. Additionally, although the record does not indicate precisely when respondents discovered that decedent had allegedly understated Air Kentucky's unpaid tax liabilities, it would appear that this discovery was made while respondents still had an ownership interest in Air Kentucky\* and, in any event, the relevant tax bills and records of payment are presumably a matter of public record. Accordingly, we cannot agree that the arbitrators' determination in this regard was an abuse of discretion.

Finally, respondents argue that the arbitrators erred in awarding decedent a lump-sum payment that was due immediately and was not subject to withholding as required by the employment agreement. Respondents, however, failed to raise this issue before Supreme Court. Although there are exceptions to the general rule that a court will not review on appeal an issue that was not raised below *(see generally, Matter of Woodin v Lane,* 119 AD2d 969), those exceptions are not present here and we therefore decline to review this issue.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

\* Mention of the counterclaim is made in respondents' October 1988 motion for a stay of the adversarial proceeding.