■ In the Matter of the Arbitration between GUS BEVONA, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent, and SUPERIOR MAINTENANCE COMPANY, Appellant. [611 NYS2d 193] —Order and judgment (one paper), Supreme Court, New York County (Myriam Altman, J.), entered on or about February 5, 1993, which granted petitioner's application to confirm an arbitration award directing that respondent reinstate an employee to his former position and pay to the employee $51,529.24 in back wages, and which denied respondent's motion (denominated cross-petition) to vacate the award, unanimously reversed, on the law, the petition denied, respondent's motion granted, and the award vacated, without costs.

Superior Maintenance Company provides cleaning and maintenance services to numerous commercial buildings throughout the New York Metropolitan area. Orlando Moncado worked for Superior at a building located at 10 West 57th Street in the City and County of New York until October 1987 when he was discharged for, *inter alia,* poor job performance and poor attendance. Superior's employees at the premises were then represented by Local 32B-32J, Service Employees International Union, AFL-CIO. Superior and the union were parties to a collective bargaining agreement which provided that employees would be terminated only "for just cause" and which established a procedure for review of such actions.

Mr. Moncado filed a grievance with the union protesting his discharge. Unable to resolve the dispute with Superior, the union demanded arbitration. The Office of the Contract Arbitrator of the Building Service Industry scheduled the first hearing for January 6, 1989. Superior failed to appear on that day, and the arbitrator, Robert Herzog, rendered a default award. Shortly thereafter, Superior made an application to reopen the case, blaming its failure to appear on a severe snow storm. This application was granted and a new hearing scheduled for April 27, 1989.

On the adjourned date, Superior presented the testimony of its president, Richard Bross, and of one of Moncado's former co-workers, Jorge Compana. Both Bross and Compana testified that Moncado repeatedly violated Superior's policies with respect to attendance and uniform. In response, Moncado claimed that his poor attendance record was due to administrative error resulting from a change in his hours of work. In any event, he claimed, Superior's attendance policy was not

strictly enforced. Faced with this conflicting testimony, the arbitrator adjourned the hearing until July 7, 1989, at 9:30 A.M. and directed Mr. Bross to produce the time cards and payroll records of all workers employed at the premises.

On Tuesday, July 4, 1989, just three days before the adjourned date, Mr. Bross's mother-in-law died. Funeral services were scheduled in Mt. Vernon, New York, for July 7 at 10:00 A.M. On July 6, Mr. Bross contacted Superior's attorney, Mr. Heidecker, to notify him of these events and request that he obtain an adjournment of the hearing. Unable to reach union officials to secure their consent to an adjournment, Mr. Heidecker telephoned the administrator of the Office of the Contract Arbitrator. She instructed Heidecker that an adjournment must be obtained directly from the arbitrator. Accordingly, counsel hand-delivered a written request for adjournment to Mr. Herzog prior to 9:30 A.M. on July 7. Although Heidecker observed him review the letter, Heidecker left before the arbitrator ruled on the request. Counsel explained, in a subsequent affidavit, that he sought to avoid having his presence deemed to be participation in the proceedings to the prejudice of his client's right to seek adjournment.

On July 14, 1989, the arbitrator rendered a "default award" directing reinstatement of Moncado with full back pay. In pertinent part, that award states:

"On July 7, 1989 at 9:30 AM, the Arbitrator, the Grievant, Union Counsel and the Union Delegate were ready to resume the case. Although Perry S. Heidecker had signed the appearance sheet, no additional Employer representatives or witnesses signed the appearance sheet. At 9:30 AM, neither Counsel Heidecker nor any Employer representative could be located. The Arbitrator waited to 10:40 AM and still could not locate either Employer Counsel or Employer representative(s)/witnesses.

"DEFAULT AWARD

"The Grievant is reinstated to his position with full back pay, seniority and benefits."

Upon respondent's application to reopen the matter on the merits, the arbitrator issued a second award, without reference to Superior's application, again directing Moncado's reinstatement and setting the amount of his back pay at $51,529.24.

Subsequently, the union brought a petition pursuant to

CPLR 7510 to confirm the arbitration award. Superior moved pursuant to CPLR 7511 to vacate the award, maintaining that the arbitrator engaged in prejudicial misconduct, both by refusing to adjourn the hearing of July 7, 1989 and by rendering a "default award", even though Superior had already presented its entire direct case. Supreme Court confirmed the arbitrator's award, reasoning that although an adjournment was warranted in this situation, Superior's supporting affidavit failed to state that its letter requesting adjournment was actually delivered to the arbitrator.

Superior then made a motion to renew (denominated a motion to renew and reargue) its motion to vacate the award. In support of this application, Superior submitted an additional affidavit from Heidecker stating that he presented the letter requesting adjournment of the proceedings directly to Mr. Herzog. Superior averred that it did not initially include any affidavit to this effect as the union had not contested the sufficiency of the delivery of the adjournment request. Superior's appellate brief points out that this issue was first raised by the court, *sua sponte,* in its decision of January 6, 1992. Supreme Court thereupon denied Superior's motion to renew on the ground that counsel's explanation constitutes information which was known to Superior at the time of the initial motion and "which could have been previously submitted.".

Superior appeals from the judgment confirming the arbitration award. Respondent argues that the court erred in denying its motion to vacate the award and in refusing to consider the affidavit of its attorney attesting to the delivery of its written request for adjournment into the hands of the arbitrator.

As a general rule, renewal is appropriate where the moving party presents additional material facts that existed at the time of the prior motion "but were not then known to the party seeking leave to renew, and, therefore, not made known to the court" *(Foley v Roche,* 68 AD2d 558, 568). However, where the additional facts presented relate to an issue "which had not previously been raised by the parties but, rather, had been raised *sua sponte* by the court in its memorandum * * * it [is] error for the court not to consider these additional facts" *(Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866). The affidavit of counsel proffered by respondent upon its renewal motion clearly redresses the omission perceived by the court in its initial determination *(Clarendon Vending Corp. v Picciola,* 80 AD2d 907 [no adjournment request before arbitrator]). Accordingly, failure to grant respondent's motion

for renewal and to consider the matter on its merits was an abuse of discretion *(Esa v New York Prop. Ins. Underwriting Assn., supra)*.

Adjournments generally fall within the sound exercise of an arbitrator's discretion pursuant to CPLR 7506 (b) *(Matter of Kool Air Sys. [Syosset Institutional Bldrs.]*, 22 AD2d 672), the exercise of which will only be disturbed when abused *(Harwyn Luggage v Henry Rosenfeld, Inc.*, 90 AD2d 747, *affd* 58 NY2d 1063; *Matter of Ottley [Mostoff]*, 79 AD2d 964, *affd* 54 NY2d 698). However, where refusal to grant adjournment forecloses the presentation of evidence and results in the effective exclusion of an entire issue, such ruling constitutes "misconduct" within the meaning of CPLR 7511 (b) (1) (i) *(Stefano Berizzi Co. v Krausz*, 239 NY 315; *Transamerica Ins. Co. v Kemper Ins. Co.*, 79 AD2d 69, 72; *Matter of Kool Air Sys. [Syosset Institutional Bldrs.]*, *supra*).

There is no question that respondent stated compelling grounds for adjournment of the arbitration proceedings, as Supreme Court acknowledged. While the denial of respondent's request by the arbitrator, without more, does not constitute "misconduct" so as to warrant vacating his award pursuant to CPLR 7511 *(Matter of Griffin v Ayash*, 125 AD2d 226, 227 [award rendered on written submissions]), it is clear that the denial of respondent's request for adjournment in this matter resulted in the failure to "hear pertinent and material evidence" *(Matter of Professional Staff Congress/City Univ. v Board of Higher Educ.*, 39 NY2d 319, 323; *Matter of Cox [Mitchell]*, 188 AD2d 915, 917). CPLR 7506 (c) provides, "Notwithstanding the failure of a party duly notified to appear, the arbitrator may hear and determine the controversy upon the evidence produced." Although both parties had already presented substantial evidence, the arbitrator rendered a default award and labelled it as such *(compare, Matter of Herskovitz [Kaye Assocs.]*, 170 AD2d 272, 275, *lv dismissed* 78 NY2d 899 [award rendered on "all 'the evidence presented, and the evidence proposed for presentation' "]). Therefore, respondent has met its burden to demonstrate misconduct on the part of the arbitrator *(cf., Matter of Reale [Healy N. Y. Corp.]*, 54 AD2d 1039, 1040) and has established legal grounds to require that this Court vacate the award. Concur—Murphy, P. J., Rosenberger, Wallach, Ross and Rubin, JJ.