■ PATRICK J. GILLIS et al., Appellants, v TOLL LAND XIII LIMITED PARTNERSHIP, Respondent, et al., Defendants. [765 NYS2d 265] —In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester

County (LaCava, J.), entered November 2, 2001, which, upon two orders of the same court entered August 2, 2001, and August 31, 2001, respectively, among other things, granting, upon renewal, the motion of the defendant Toll Land XIII Limited Partnership to confirm an arbitration award and denying their motion to vacate it, is in favor of the defendant Toll Land XIII Limited Partnership and against them in the principal sum of $89,736, and, thereupon, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted, upon renewal, the motion of the defendant Toll Land XIII Limited Partnership (hereinafter Toll Land) to confirm the arbitration award and denied the plaintiffs' motion to vacate it. Contrary to the plaintiffs' contentions, the arbitrator's refusal to adjourn the hearing did not constitute misconduct where there was an insufficient showing of cause for their last minute request (*cf. Matter of Insurance Co. of N. Am. v St. Paul Fire & Mar. Ins. Co.,* 215 AD2d 386, 387 [1995]; *Matter of Omega Contr. v Maropakis Contr.,* 160 AD2d 942 [1990]; *State Farm Mut. Auto. Ins. Co. v Provus,* 149 AD2d 498 [1989]). Furthermore, where, as here, Toll Land's prior motion was not denied on the merits but because of a purported procedural defect, the Supreme Court's determination to grant renewal upon correction of the defect was a provident exercise of discretion (*see S & D Petroleum Co. v Tamsett,* 144 AD2d 849, 849-850 [1988]; *Lauer v Rapp,* 190 AD2d 778, 779 [1993]; *Abreu v Nationwide Mut. Ins. Co.,* 87 AD2d 572 [1982]). In any event, there were no procedural defects in the award itself which warranted its vacatur in the first instance, as no prejudice was claimed by the plaintiffs and none was evident on the record (*see Matter of Westminster Constr. v Peconic Bay Golf,* 288 AD2d 231, 232 [2001]; *Matter of Jones v Progressive Cas. Ins. Co.,* 237 AD2d 358 [1997]; *Matter of Alava v Consolidated Edison Co. of N.Y.,* 183 AD2d 713, 714 [1992]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.