■ In the Matter of JOSE MARCANO, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [766 NYS2d 41] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about May 21, 2002, which denied petitioner's application to vacate an arbitration award dismissing petitioner's uninsured motorist claim and for a hearing before a newly appointed arbitrator, unanimously affirmed, without costs.

In the absence of any showing that the arbitrator exceeded his powers or engaged in any misconduct, the court properly declined to vacate the arbitration award (CPLR 7511 [b]), which is both rational and amply supported by the record (*see Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). Petitioner neglected to comply with court-ordered discovery by failing to submit to a physical examination and to provide respondent with documents and authorizations in a timely fashion. He also failed to comply with American Arbitration Association Rules for Arbitration of Supplementary Uninsured/Underinsured Motorist Insurance Disputes and Uninsured Motorist Insurance Disputes in the State of New York rule 19, requiring transmittal of all documents to the arbitrator and the responding party at least 15 calendar days prior to the hearing. Thus, the award is supported by the evidence, not arbitrary and capricious and not in excess of the arbitrator's powers (*see Caso v Coffey*, 41 NY2d 153, 158 [1976]; *Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493, 508 [1970]). Finally, the arbitrator did not improvidently exercise his discretion by declining to adjourn the proceedings since petitioner had repeatedly received the benefit of adjournments (*see Matter of Kool Air Sys. [Syosset Institutional Bldrs.]*, 22 AD2d 672 [1964]). Concur—Andrias, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.