(October 7, 2010)

■ MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, v NYC EAST-WEST ACUPUNCTURE, P.C., et al., Appellants. [910 NYS2d 38]—

Order and judgment (one paper), Supreme Court, New York County (Joan B. Lobis, J.), entered August 13, 2009, which, to the extent appealed from as limited by the briefs, granted petitioner Motor Vehicle Accident Indemnification Corporation's (MVAIC) application to vacate the arbitration awards in favor of respondent medical providers, and denied respondents' cross petition to confirm said awards, unanimously reversed, on the law, without costs, the petition denied, the cross petition granted, and the awards confirmed.

This appeal arises out of a motor vehicle accident that occurred on September 21, 2003. Chong Hong Li, a pedestrian, claimed to have been struck by a motor vehicle that fled from the scene. The one witness to the incident, Jian Neng Wu, provided the license plate number of the offending vehicle to the responding police officer. Based upon the information provided by Wu, police traced the vehicle to the owner, Phyllis Chu, a resident of New York State. Chu's vehicle was insured by Government Employees Insurance Company (GEICO) during the time period when the hit-and-run accident occurred.

As a result of the injuries she allegedly sustained, Li underwent medical treatment from appellants East-West Acupuncture, P.C. (East-West), MBR Psychological, P.C. (MBR), Sinai Medical, P.C. (Sinai), PSW Chiropractic Care, P.C. (PSW)

and NY Comprehensive Medical P.C. (Comprehensive). All five medical providers submitted their claims to GEICO for payment. However, GEICO denied their claims on the basis that its investigation revealed that neither Chu, nor the vehicle insured by GEICO, was involved in the underlying incident.

In a letter dated October 27, 2004, counsel for appellant East-West notified MVAIC that GEICO denied its claim and requested payment for the medical services it rendered to Li.

On December 10, 2003, Li executed a notice of intent to file a claim with MVAIC. MVAIC responded in a letter, dated January 20, 2004, that it would not honor Li's claim because pursuant to article 52 of the Insurance Law, she was not a "qualified person" within the meaning of the statute since there was coverage from GEICO. Appellants East-West, Sinai, PSW and Comprehensive then filed arbitration request forms as to MVAIC and GEICO with the American Arbitration Association.*

During the course of the arbitration, GEICO received several continuances. On August 20, 2007, at the first scheduled hearing, GEICO produced an affidavit from Chu attesting that neither she, nor a vehicle she owned, had been involved in the hit-and-run accident. The arbitrator granted GEICO's request for an adjournment to allow GEICO to produce Chu to testify. However, at the next scheduled hearing GEICO failed to produce Chu. The arbitrator ordered GEICO to produce deposition transcripts of Li and Chu taken as a result of a personal injury action Li had filed against Chu in Supreme Court. The arbitrator also ordered GEICO to produce the order dismissing Li's personal injury claim.

On October 15, 2007, the next scheduled hearing date, GEICO produced Chu, however it did not produce the deposition transcripts or the order. Chu testified and MVAIC cross-examined her. The arbitrator then allowed GEICO until October 22, 2007 to serve all transcripts and the court order in the underlying personal injury action filed by Li. The arbitrator determined that should any party require further testimony from Chu, the parties were to advise the arbitrator within five days from the date GEICO served the deposition transcripts.

On October 22, 2007, the attorney for GEICO submitted to the arbitrator an affidavit of service attesting that GEICO

---

* East-West's arbitration request form is dated May 24, 2007, Sinai's arbitration request form is dated May 24, 2007, PSW's arbitration request form is dated June 28, 2007, and Comprehensive's arbitration request form is dated May 23, 2007. MBR's arbitration request form, dated November 20, 2007, was filed after the arbitration decisions regarding the other providers were rendered.

served upon all parties the deposition transcript of Li and the order of the underlying personal injury action. After a telephone conference held on November 1, 2007 between the arbitrator and the parties, it was established that Chu's transcript had not been produced. The arbitrator then determined, after review of Supreme Court's decision dismissing Li's personal injury action, that the dismissal was not a result of the matter being tried on the merits, but as a result of Supreme Court granting a CPLR 3126 motion to dismiss for Li's failure to provide discovery.

At one point in Chu's testimony, when questioned regarding the license plate cited in the police report filed in connection with the underlying motor vehicle accident, Chu testified that she owned the vehicle cited in the police report, but that those license plates had been surrendered to the New York Department of Motor Vehicles prior to the accident. Chu further testified that at the time Li was struck by the unidentified vehicle, she had been preparing her children for bed and that no one else was using her vehicle. Chu also testified that she had been advised by her counsel, who had represented her in Li's personal injury action, that Li had stated that Chu was not involved in the incident.

At a hearing held on November 5, 2007, MVAIC argued to the arbitrator that Li was not entitled to receive no-fault benefits because she was not a "qualified person" within Insurance Law § 5102 since there was a possibility that she was insured by Allstate. In support of its argument, MVAIC submitted an uncertified "Insurance Activity Expansion" document dated October 18, 2007, which indicated that someone with the same last name and date of birth, and who appeared to live at the same address as Li, held insurance with Allstate during the time she sustained her alleged injuries. MVAIC requested that the arbitrator adjourn the matter in order to allow it to investigate.

The arbitrator denied MVAIC's request based upon its conclusion that given the fact that four years had elapsed since Li had filed her notice of claim, MVAIC failed to exercise due diligence in investigating this matter. The arbitrator rendered awards in favor of the medical providers against MVAIC and dismissed the claims against GEICO. MVAIC appealed to the master arbitrator arguing that although GEICO was given multiple adjournments, its single request for a continuance to investigate whether Li was insured with Allstate was denied. MVAIC asserted that although it had time to investigate alternative theories of insurance coverage for Li, it did not have the opportunity to do so, and that it had no obligation to fully investigate this matter until either an arbitrator or a court concluded that no

other insurer was responsible. The master arbitrator affirmed the awards based upon its conclusion that MVAIC's argument that it was not obligated to fully investigate this matter until after the arbitrator declared GEICO not responsible, was inconsistent with the purpose and intent of articles 51 and 52 of the Insurance Law.

MVAIC moved to vacate the arbitration awards. In a decision and order dated October 31, 2008, Supreme Court affirmed the decisions of the arbitrator and the master arbitrator that GEICO was not responsible for Li's medical expenses. However, Supreme Court remanded this matter to the arbitrator for a new hearing in order to provide MVAIC with the opportunity to present evidence showing that Li is not entitled to benefits because she was covered by other insurance.

By order dated January 8, 2009, Supreme Court, inter alia, consolidated the five separate actions brought by MVAIC to vacate arbitration awards arising out of Li's motor vehicle accident and allowed appellant medical providers to interpose answers and/or cross-move to confirm the arbitration awards.

Appellant medical providers cross-moved to confirm the arbitration awards. In the order appealed from, Supreme Court denied the applications based upon its conclusion that "[g]iven the length of time that had already passed since the accident and the commencement of the arbitration, a brief adjournment to ascertain whether or not Ms. Li had insurance coverage was not an unreasonable request . . . [and] that the arbitrator's failure to grant MVAIC's request is deemed to constitute an abuse of discretion constituting misconduct within the meaning of CPLR 7511 (b) (1) (i) since it resulted in the foreclosure of the presentation of pertinent and material evidence" (internal quotation marks and citations omitted). We reverse.

It is well settled that "[a]djournments generally fall within the sound exercise of an arbitrator's discretion pursuant to CPLR 7506 (b), the exercise of which will only be disturbed when abused" (*Matter of Bevona [Superior Maintenance Co.]*, 204 AD2d 136, 139 [1994] [citations omitted]). The burden falls to "the party seeking to avoid an arbitration award to demonstrate by clear and convincing proof that the arbitrator has abused his discretion in such a manner so as to constitute misconduct sufficient to vacate or modify an arbitration award" (*Matter of Disston Co. [Aktiebolag]*, 176 AD2d 679, 679 [1991], *lv denied* 79 NY2d 757 [1992] [internal quotation marks and citation omitted]). Arbitral misconduct is established not by the refusal of an adjournment, but where the refusal forecloses "the presentation of material and pertinent evidence to the [mov-

ant]'s prejudice" (*Matter of Omega Contr. v Maropakis Contr.*, 160 AD2d 942, 943 [1990]).

We conclude that the arbitrator did not abuse his discretion in refusing to grant MVAIC an adjournment. The arbitrator's decision not to grant a postponement in order to allow MVAIC to investigate an adversary's contention was within his sound discretion and powers. Here, the record establishes that because of East-West's letter dated October 27, 2004, MVAIC had been on notice for approximately three years that GEICO denied East-West's claim on the basis that neither Chu nor a vehicle insured by GEICO was involved in the underlying hit-and-run motor vehicle accident. This letter also advised MVAIC that GEICO's investigation revealed that there existed no other insurance coverage for Li.

MVAIC's untimely assertion of a lack of coverage defense does not preclude it from denying liability (*see Matter of MVAIC v Interboro Med. Care & Diagnostic PC*, 73 AD3d 667 [2010]). However, we find that the arbitrator's refusal to adjourn the hearing did not constitute misconduct because there was an insufficient showing of cause for MVAIC's last minute request (*see Gillis v Toll Land XIII Ltd. Partnership*, 309 AD2d 734 [2003], *lv denied* 3 NY3d 602 [2004]).

Despite MVAIC having notice in late 2004 of GEICO's contentions, MVAIC took no affirmative steps, such as searching New York State Department of Motor Vehicle (DMV) records, to establish whether Li was eligible for MVAIC benefits. Indeed, MVAIC provides no explanation as to why it did not investigate the DMV records sooner or why it could not discover that Li allegedly used the alias "Lillian Li," and that under this alias, she was insured by Allstate at the time she sustained her injuries. Under these circumstances, we conclude that MVAIC has failed to establish by clear and convincing proof that the arbitrator abused his discretion in such a manner to constitute misconduct sufficient to vacate or modify the arbitration awards in favor of appellants.

We have reviewed MVAIC's remaining contentions and find them without merit. Concur—Gonzalez, P.J., Saxe, McGuire, Manzanet-Daniels and Román, JJ.