Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered October 8, 2014, annulling respondent’s (NYCHA) determination, dated November 17, 2010, which terminated petitioner’s public housing tenancy, unanimously reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed. Appeal from orders, same court and Justice, entered August 21, 2013, and October 24, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court denied respondent’s cross motion to dismiss the petition because the computer “screenshot” attached as an exhibit to a supporting affidavit by a NYCHA employee responsible for mailing Determinations of Status to tenants created ambiguity as to whether the determination in this case was mailed to petitioner. Assuming, without deciding, that the court correctly denied the initial motion, it erred in denying the motion to renew, which dispelled any confusion. Because the new facts submitted on the motion to renew “addressed an issue raised sua sponte by the court in the original decision,” respondent had a reasonable excuse for failing to offer them on the prior motion, and it was error for the court to refuse to consider those facts (Scannell v Mt. Sinai Med. Ctr., 256 AD2d 214, 214 [1st Dept 1998]; see also Matter of Bevona [Superior Maintenance Co.], 204 AD2d 136, 138-139 [1st Dept 1994]; CPLR 2221 [e]). Considered in light of the new facts, the affidavits by NYCHA personnel constituted proof of proper mailing, which gave rise to a rebuttable presumption that the determination was received by petitioner in November 2010, and petitioner’s denial of receipt, standing alone, did not overcome the presumption (see Badio v Liberty Mut. Fire Ins. Co., 12 AD3d 229, 230 [1st Dept 2004]). Thus, the petition was time-barred, *447 since it was filed more than two years after the mailing of the final determination (see CPLR 217).
Concur — Tom, J.P., Sweeny, Moskowitz, DeGrasse and Richter, JJ.