■ INTERNATIONAL COMPONENTS CORPORATION, Appellant, v GERHART F. KLAIBER et al., Respondents.—Judgment, Supreme Court, New York County, entered April 13, 1977, granting respondent's motion to confirm and denying petitioner's application in opposition to vacate an arbitration award and directing entry of judgment in favor of respondent is unanimously reversed, without costs and without disbursements, on the law, and the judgment and award are vacated, and the motion to confirm is denied, and the parties are directed to proceed to arbitration anew and forthwith before a new arbitrator. In the instant case, counsel for petitioner applied for an adjournment of the arbitration hearing five days before the date of hearing because his wife was undergoing treatment for cancer (in fact she underwent surgery on the day of the hearing). His request for adjournment was refused by the

arbitrator. At the hearing, counsel's associate pointed out that petitioner was being deprived of counsel, the right of cross-examination, and the opportunity to elicit testimony from the absent attorney who was a witness to the agreement. The associate argued it would be arbitrary to permit the hearing to go forward, as he himself was unprepared and unfamiliar with the case. The associate departed after making such statement for the record, and the arbitrator found for the respondent. Special Term confirmed the award and denied reargument. On the motion to confirm, it was unnecessary for the appellant formally to cross-move to vacate the award. "[A] party may choose to assert any alleged defects when his opponent seeks confirmation rather than himself moving to vacate or modify." (8 Weinstein-Korn-Miller, NY Civ Prac, par 7510.02; see, also, 23 Carmody-Wait 2d, NY Prac, § 141:179.) CPLR 7511 (subd [b], par 1) sets forth that the court may set aside an award when the court finds that the rights of a party were prejudiced by: "(i) corruption, fraud or misconduct in procuring the award". In the Practice Commentary (McKinney's Cons Laws of NY, Book 7B, CPLR 7511, p 602), Peter Thornton, addressing himself to the qustion of "misconduct" seeks to clarify the term as follows: "The word 'misconduct' apparently includes refusing to postpone the hearing upon sufficient cause shown or refusing to hear evidence pertinent and material to the controversy, which were specifically defined as 'misconduct' in CPA § 1462(3)." This particular section of the statute is particularly germane to petitioner's appeal; the arbitrator clearly committed the type of misconduct contemplated by the statute, and the award is vacated and remanded for a rehearing before a new arbitrator and determination of all of the issues (CPLR 7511, subd [d]). Concur—Murphy, P. J., Birns, Evans and Capozzoli, JJ.