■ LORRAINE CULLEN, Respondent, v NASSAU COUNTY CIVIL SERVICE COMMISSION et al., Petitioners, and NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding by the Nassau County Civil Service Commission and Ronald J. Levinson, Deputy Executive Director, commenced pursuant to section 298 of the Executive Law, to review so much of an order of the State Human Rights Appeal Board, dated June 24, 1980, as affirmed that portion of a determination of the State Division of Human Rights, dated June 18, 1979, which, after a hearing, directed them to pay the complainant $1,000 compensatory damages. The State division has cross-moved for an order enforcing the payment of damages. Petition granted, on the law and as a matter of discretion, without costs or disbursements, and the order of the State Human Rights Appeal Board is modified by adding thereto, immediately after the word "affirmed", the following: "except that the portion of the determination which awarded compensatory damages is deleted." Cross motion by the New York State Division of Human Rights dismissed as academic, without costs or disbursements. Although the actions of the Nassau County Civil Service Commission were discriminatory in effect, on this record, there was no showing that the commission acted willfully. In formulating qualifications for "Open Competitive Examination No. 62-880, Investigator", the county commission consulted with the New York State Department of Civil Service and published minimum qualifications consistent with the departments suggestions. Thus, given the county commissioners good faith effort to establish reasonable and job-related qualifications for the examination, damages were not warranted. Mollen, P. J., Mangano, Margett and Weinstein, JJ., concur.

■ GEORGE J. DIPPELL, Respondent, v MARGERY DIPPELL, Appellant. — Appeal by defendant from an order of the Supreme Court, Nassau County, dated January 8, 1980, which denied her motion "to vacate and amend" a stipulation of settlement. The appeal brings up for review so much of a further order of the same court, dated May 6, 1980, as, upon reargument, adhered to the original determination. Appeal from the order dated January 8, 1980 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated May 6, 1980 affirmed insofar as reviewed, without costs or disbursements. No opinion. Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ SAMUEL DOYNO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Queens County, dated September 5, 1979, which vacated the award and directed that the matter be noticed for a rehearing before a new arbitrator. Judgment affirmed, with $50 costs and disbursements. (See *International Components Corp. v Klaiber,* 59 AD2d 853; *Matter of Woodco Mfg. Corp. [G. R. & R. Mfg.],* 51 AD2d 631.) Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.