OPINION OF THE COURT
Lawrence E. Kahn, J.
In this article 78 proceeding, petitioner seeks a judgment pursuant to CPLR 7511 vacating the award in an arbitration between the parties hereto, directing respondents to *655 reinstate petitioner, Edward S. Jordan, to his position as a correction officer with back pay, or in the alternative, either removing the arbitrator and remanding the matter for a hearing de nova before a different arbitrator, or vacating said award and directing the arbitrator to reopen the hearing to allow the petitioner to appear and testify. Respondent has moved to dismiss based on objections in point of law in that the petition states facts insufficient to constitute a cause of action, the petitioner is collaterally estopped from bringing this proceeding because there is another action pending between the same parties for the same subject matter and the State of New York is not a proper party.
Petitioner was terminated from his employment as a correction officer with the respondent, Department of Correctional Services, on January 12, 1979 retroactive to April 8,1978. A grievance procedure was commenced which resulted in an arbitration proceeding dismissing the grievance. Said grievance was dismissed by the arbitrator because the petitioner was one hour and 15 minutes late for the second day of hearings on his grievance, and after a finding by the arbitrator that petitioner failed to submit a reasonable excuse to the arbitrator for the failure to appear at the appointed time.
Petitioner’s excuse for being late for the hearing is not disputed. He was on his way to Albany from his residence in New York City when the brakes on his car failed. He thereafter abandoned his vehicle, hitchhiked back to New York City, ultimately obtained a ride to La Guardia Airport, and thereafter, secured a seat on the next available commuter flight between La Guardia and Albany Airport. The arbitrator, in finding that this was not a reasonable excuse for petitioner’s tardiness, held that sometime during this chaotic series of events, petitioner should have telephoned his attorneys to inform them of his plight. He predicates his dismissal of the arbitration upon such a failure.
An arbitrator’s award may be vacated only upon grounds specified in CPLR 7511 (subd [b]) (Matter of Reale [Heady N. Y. Corp.], 54 AD2d 1039). That section provides that a court may set aside an award when the *656 court finds that the rights of a party were prejudiced by corruption, fraud or misconduct in procuring the award. “In the Practice Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR 7511, p 602), [Teacher] Thornton, addressing himself to the question of ‘misconduct’ seeks to clarify the term as follows: ‘The word “misconduct” apparently includes refusing to postpone the hearing upon sufficient cause shown or refusing to hear evidence pertinent and material to the controversy’ ” (International Components Corp. v Klaiber, 59 AD2d 853, 854). In resolving a similar issue, the Appellate Division of the Third Department has held that: “Where the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence, such refusal constitutes sufficient misconduct to vitiate the award.” (Matter of Woodco Mfg. Corp. [G.R. & R. Mfg.], 51 AD2d 631, 632.) The petition sufficiently states a cause of action alleging misconduct on the part of the arbitrator based upon his failure to allow the petitioner to testify and present evidence in his behalf. The arbitrator’s decision makes it abundantly clear that he did not resolve the controversy on the merits, but dismissed the arbitration solely due to the petitioner’s tardiness.
Respondent also asserts that the petitioner is collaterally estopped from bringing this proceeding because there is another action pending between the same parties with the same subject matter. The second proceeding emanates from petitioner’s workers’ compensation claim which resulted in an award of benefits. As an adjunct thereto, petitioner alleged that the respondent violated the provisions of section 120 of the Workers’ Compensation Law which provides that: “It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim compensation from such employer, or because he has testified or is about to testify in a proceeding under this chapter.” In that proceeding, the petitioner’s claim was sustained and the respondent was ordered to be restored to his employment as of the effective date of his termination, and to be compensated for any loss of wages arising out *657 of the discrimination. That decision is presently pending before an appeal board of the department. “New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.” (Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71.) Further, it is clear that the doctrine of collateral estoppel is applicable to determinations such as the one made by the Workers’ Compensation Board as a quasi-judicial administrative agency, and that said determination, when final, becomes conclusive and binding on the courts. (Bernstein v Birch Wathen School, 71 AD2d 129.) However, collateral estoppel does not bar the instant proceeding in that there is not identity of the issues to be resolved by the respective proceedings. The issue to be resolved before the Workers’ Compensation Board is whether the employer was guilty of unlawful discrimination against the petitioner for pursuing his compensation claim. The stipulated issues in the proceeding before the arbitrator were whether the grievance was timely filed, and most importantly, whether the respondent violated article 14.10 of the 1977-1979 agreement between the State of New York and Security Unit Employees, Council 82, AFSCME, AFL-CIO, when it notified grievant in January, 1979 that his services were being terminated. More simply put, the issue herein is whether the petitioner provided a satisfactory explanation for his absence from work. As can be readily seen, these two issues are vastly different, and while their resolution may both result in petitioner’s reinstatement, the grounds therefor are unrelated. Accordingly, collateral estoppel is not a bar to the present proceeding.
Respondents also assert that the State of New York is not properly a party to this litigation and this court agrees. The court lacks jurisdiction over the State (Psaty v Duryea, 306 NY 413, 410), and accordingly, the State of New York shall be dismissed as a respondent.
Finally, by letter dated October 23, 1980, respondents seek to amend their motion to dismiss by adding a fourth *658 objection in point of law, to wit, “That the Governor’s Office of Employee Relations is an indispensable party to the proceeding.” While this court is cognizant that CPLR 1001 and 1003 allow this court wide latitude in the addition or deletion of parties, this court declines to do so in the case at bar. The request herefore is grossly untimely, having been attempted by letter dated almost 30 days after the return of the motion. As the dictates of CPLR 2214 have not been complied with, petitioner’s application to amend its motion to dismiss by adding the afore-mentioned fourth objection in point of law shall be denied.
For the reasons hereinabove set forth, the respondents’ motion to dismiss shall be granted insofar as it relates to the respondent, State of New York, and, in all other respects, shall be denied.