■ PENINSULA NATIONAL BANK, Appellant, v JOSEPH M. TURECAMO, INC., Respondent. — Order and judgment (one paper) of the Supreme Court, New York County (Whitman, J.), entered February 20, 1981, denying petitioner's application to confirm the award of the arbitrator and granting the cross application of respondent to vacate same reversed, with costs, on the law, the application to confirm the award granted, and the cross application to vacate such award denied. Petitioner, a bank, employed respondent, a contractor, to build a branch office. Respondent completed the work later than provided by the contract. Additionally, there were cost overruns. By consequence, disputes arose which the parties were unable to settle between themselves. Pursuant to the arbitration clause contained in their agreement, each of the parties demanded that their disputes be resolved by arbitration. The arbitration proceeded on four separate days. At the conclusion of the fourth session it was agreed that a fifth and final session would be held on a date agreed upon. On the morning of the scheduled final hearing date a controversy arose between respondent and its attorney as a result of which respondent's president announced that he desired to discharge its attorney. The attorney concurred in his client's wish and asked to be relieved. The arbitrator refused to accede to the attorney's request and directed him to continue. Additionally, he refused to grant respondent's application for an adjournment to obtain new counsel. The hearing then proceeded to its conclusion and the award followed. We are told

that the dispute between respondent and its counsel flowed from respondent's desire to submit certain documentary evidence. When counsel indicated that he would not introduce these documents, respondent's president sought to offer them. The arbitrator refused to accept them. The documents have not been made part of the record before us. Hence, we cannot tell whether they were germane to the matter in arbitration. Respondent bases its contention that vacatur of the award was proper because it was denied an adjournment to obtain new counsel (*International Components Corp. v Klaiber*, 59 AD2d 853). We are aware of the principle "now well rooted in our jurisprudence, that a client may at anytime, with or without cause, discharge an attorney" (*Demov, Morris, Levin & Shein v Glantz*, 53 NY2d 553, 556; see, also, *Matter of Dunn [Brackett]*, 205 NY 398). However, the right to discharge an attorney "at anytime, with or without cause" does not give rise automatically to a correlative right to an adjournment. The latter right comes into existence only when there has been a showing of proper cause. *Klaiber* stands for no more. Here, the record is barren of any showing of sufficient cause. There is no showing that the arbitrator refused to consider any pertinent evidence or that the respondent made an unequivocal choice to proceed as his own attorney. Accordingly, we cannot say that there was an abuse of discretion by the arbitrator. Absent such a finding, there can be no finding of misconduct sufficient to warrant vacatur of the award. Concur — Murphy, P. J., Kupferman, Sandler, Lupiano and Bloom, JJ.