■ Doris Trading Corporation, Respondent, v Melody Knitting Mills, Inc., Appellant.—Order/Judgment (one pa-

per), Supreme Court, New York County (Karla Moskowitz, J.), entered July 12, 1990, which, *inter alia,* granted the petitioner's application to confirm an arbitration award and denied respondent's cross-petition to vacate or modify the award, unanimously affirmed, with costs.

Petitioner commenced the arbitration by way of a demand dated February 8, 1988. The record demonstrates a persistent pattern on respondent's part of delaying hearings in this matter between October 1988 and March 1990, by which time the claims were more than two years old. One or two days before the scheduled hearing date, respondent's attorney requested an adjournment on the ground of his illness. The request was denied, and was renewed at the beginning of the hearing by another attorney from the law firm representing respondents. Despite the attorney's knowledge of the prior denial, no documentation supporting the claim of illness was offered. The arbitrators again denied an adjournment, and in the award noted the lack of documentation as the ground for the denial of the request. In these circumstances, Supreme Court properly found respondent had failed to carry its burden to establish misconduct on the arbitrators' part sufficient to vacate the award *(Matter of Ottley v Mostoff,* 79 AD2d 964, *affd* 54 NY2d 698). Such a finding of misconduct would require a determination that the arbitrators had abused their discretion *(supra; Matter of Herskovitz [Kaye Assocs.],* 170 AD2d 272). Any such conclusion is precluded by the fact that the basis for the requested adjournment was never supported by competent documentation, either before the arbitrator or even in the subsequent judicial proceeding *(see, Matter of A & R Constr. Co. v Gorlin-Okun, Inc.,* 41 AD2d 876). Concur—Murphy, P. J., Wallach, Asch and Smith, JJ.