■ SHEARSON LEHMAN HUTTON, INC., Respondent, v CATALINA MEYER, Appellant.—Judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered October 12, 1990, granting petitioner's application to confirm an arbitration award, denying respondent's cross-motion to vacate the same, because of arbitrator misconduct and entering judgment in favor of petitioner against respondent unanimously affirmed, with costs.

This arbitration proceeding arises out of petitioner's claim that respondent, upon termination of employment, closed out various accounts maintained by petitioner to which credits erroneously had been made in respondent's favor. Petitioner sought to recover money damages in the amount of $499,500.

Recognizing that it rests within the sound discretion of an

arbitrator to grant or refuse an adjournment, we agree that respondent failed to demonstrate misconduct on the part of the arbitrators in denying further adjournments, and therefore, vacatur of the arbitration award, pursuant to CPLR 7511 (b) (1) is not warranted *(see, Matter of Herskovitz v Kaye Assocs.,* 170 AD2d 272).

Respondent's repeated requests for adjournments, over the course of one year, and numerous substitutions of counsel support the view that the arbitrators committed no abuse of discretion in denying the request for a further adjournment *(Harwyn Luggage v Henry Rosenfeld, Inc.,* 90 AD2d 747, *affd* 58 NY2d 1063). Furthermore, respondent failed to demonstrate a genuine medical emergency *(cf., International Components Corp. v Klaiber,* 59 AD2d 853). The record establishes that respondent had undergone surgery a few years earlier and was recuperating. To the extent her recuperation did not preclude other activities in which she engaged during the year preceding the arbitration hearing, it cannot be said that she had suffered a "genuine" medical emergency which required an adjournment *(supra; Matter of Omega Contr. v Maropakis Contr.,* 160 AD2d 942).

Last, we note that the same court (Fingerhood, J.), on a prior motion denied respondent's motion to stay arbitration on the ground that she did not agree to arbitration. Thus, we reject, based upon doctrines of law of the case, and *res judicata,* the vague and non-specific argument that her signature upon the agreement containing the arbitration clause was forged. Concur—Murphy, P. J., Carro, Ellerin and Asch, JJ.