■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR ALAMEDA, Appellant. [599 NYS2d 951] —Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered April 23, 1991, which convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, and sentenced him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant failed to preserve his claim that the prosecutor elicited testimony of an uncharged crime (CPL 470.05 [2]; *People v Russell*, 179 AD2d 521, 522), and that the prosecutor's summation deprived him of a fair trial. We decline to review them in the interest of justice. Were we to review, we would find both claims to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.

■ In the Matter of the Arbitration between JOHN BANAS, Appellant, and LEUMI SECURITIES CORPORATION, Respondent. [599 NYS2d 952] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered on or about October 14, 1992, which denied and dismissed the petition to vacate an arbitration award, directing petitioner to pay respondent $95,510.00, and confirmed that award unanimously affirmed, with costs.

It is within the sound discretion of the arbitrators to grant or refuse an adjournment *(Matter of Kool Air Sys. [Syosset Institutional Bldrs.]*, 22 AD2d 672), and the party seeking to avoid the award has the burden of establishing by clear and convincing proof that the arbitrators abused that discretion and that their decision amounts to misconduct *(Matter of Herskovitz [Kaye Assocs.]*, 170 AD2d 272). In this case, petitioner set forth no evidence, either before the arbitrators or in the subsequent judicial proceeding, with respect to why the three week adjournment already granted was not adequate. Accordingly, the IAS Court properly confirmed the arbitration award *(see, Matter of Herskovitz [Kaye Assocs.], supra; Doris Trading Corp. v Melody Knitting Mills*, 172 AD2d 399). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.