■ In the Matter of M.T.M. BEVERAGES CORP., Appellant, v PEPSI COLA BOTTLING COMPANY OF NEW YORK, INC., Respon-

dent. [689 NYS2d 660] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Queens County (Thomas, J.), dated June 2, 1998, which, *inter alia*, denied the petition and granted the respondent's cross application to confirm the arbitration award.

Ordered that the judgment is affirmed, with costs.

It is well settled that the decision of "[w]hether to grant or refuse an adjournment is generally within the discretion of the arbitrator, and it is only if that discretion is abused that misconduct results" (*Harwyn Luggage v Henry Rosenfeld, Inc.*, 90 AD2d 747, 748, *affd* 58 NY2d 1063). Under the circumstances of this case, we conclude that the arbitrator's denial of the petitioner's request for a further adjournment did not constitute either an abuse of discretion or misconduct sufficient to warrant vacatur of the award (*see, Matter of Banas [Leumi Sec. Corp.]*, 194 AD2d 390; *Shearson Lehman Hutton v Meyer*, 174 AD2d 496). The request for an additional adjournment was not supported by the requisite showing (*see, Harwyn Luggage v Henry Rosenfeld, Inc., supra*; *Doris Trading Corp. v Melody Knitting Mills*, 172 AD2d 399), nor does the record indicate that the denial of the request foreclosed the petitioner's opportunity to present relevant evidence (*see, Matter of Trivino v Allcity Ins. Co.*, 227 AD2d 638; *cf., Olan v Allstate Ins. Co.*, 212 AD2d 362; *Matter of Omega Contr. v Maropakis Contr.*, 160 AD2d 942).

The petitioner's remaining contention is without merit. S. Miller, J. P., Sullivan, Friedmann and Feuerstein, JJ., concur.