■ T10 FUNDING, Appellant, v BARODA PROPERTIES, INC., et al., Defendants, and HARIKRISHNA P. SHUKLA et al., Respondents. [983 NYS2d 307]—

In an action to foreclose on a real property tax lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated September 9, 2013, which, after a hearing (Colabella, J.H.O.), granted the motion of the defendants Harikrishna P. Shukla and Kirta H. Shukla, inter alia, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale entered upon their failure to appear or answer the complaint, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In response to a motion by the defendants Harikrishna P. Shukla and Kirta H. Shukla, inter alia, pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale entered upon their failure to appear or answer the complaint, the Supreme Court referred the matter for a hearing on the issue of the validity of service of process. At the hearing, the plaintiff's

process server failed to appear to testify and the plaintiff made an application for an adjournment. The Judicial Hearing Officer (hereinafter JHO) denied the oral motion, conducted the hearing, and concluded that service of process had not been properly effected upon the Shuklas. Thereafter, the Supreme Court granted the Shuklas' motion, inter alia, pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against them.

On appeal, the plaintiff argues that the JHO abused his discretion by denying the adjournment request. An application for an adjournment is addressed to the sound discretion of the hearing court, which must engage in a balanced consideration of all of the relevant factors (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of Tripp*, 101 AD3d 1137, 1138 [2012]). Under the circumstances in this case, including the merit of the Shuklas' motion, a potentially meritorious defense to the action, and the plaintiff's failure to demonstrate that the nonappearance of the process server was unintentional, the JHO did not improvidently exercise his discretion in denying the plaintiff's application for an adjournment (*see Matter of Tripp*, 101 AD3d at 1138; *Matter of Dakota B. [Brigitta B.]*, 73 AD3d 763 [2010]; *Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Doris Trading Corp. v Melody Knitting Mills*, 172 AD2d 399 [1991]). Hall, J.P., Austin, Sgroi and Duffy, JJ., concur.