Matter of Gassman Baiamonte Gruner, P.C. v Katz (2018 NY Slip Op 05843)





Matter of Gassman Baiamonte Gruner, P.C. v Katz


2018 NY Slip Op 05843


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2017-03625
 (Index No. 8632/16)

[*1]In the Matter of Gassman Baiamonte Gruner, P.C., etc., respondent, 
v
Daryl Nadine Katz, appellant.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan Shapiro of counsel), for appellant.
Gassman Baiamonte Gruner, P.C., Garden City, NY (Stephen Gassman of counsel), respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated November 9, 2016, Daryl Nadine Katz appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered February 10, 2017. The order granted the petition to confirm the award and denied the cross motion of Daryl Nadine Katz to vacate the award.
ORDERED that the order is affirmed, with costs.
In February 2015, Daryl Nadine Katz retained the petitioner to represent her in matrimonial and Family Court matters. On May 10, 2016, Katz terminated the representation, and on June 15, 2016, she filed a request for fee arbitration. On November 9, 2016, a panel of three arbitrators awarded the petitioner $45,156.02 for unpaid fees.
By a notice of petition dated December 9, 2016, the petitioner commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. Katz cross-moved to vacate the arbitration award pursuant to CPLR 7511(b)(1)(i) and (iv). By order entered February 10, 2017, the Supreme Court granted the petition to confirm the award and denied Katz's cross motion. Katz appeals.
"[J]udicial review of arbitration awards is extremely limited. . . . An arbitration award must be upheld when the arbitrator offers even a barely colorable justification for the outcome reached" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [citations and internal quotation marks omitted]; see Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d 878).
An arbitration award shall be vacated if the court determines that a party's rights were prejudiced by "corruption, fraud or misconduct in procuring the award" (CPLR 7511[b][1][i]; see Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d at 879). "The party seeking to vacate the arbitration award has the burden of proving by clear and convincing evidence that the arbitrator committed misconduct" (Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d at 879).
The decision as to whether to grant an adjournment is within the sound discretion of [*2]the arbitrator, and misconduct only occurs when the arbitrator abuses that discretion (see Matter of M.T.M. Beverages Corp. v Pepsi Cola Bottling Co. of N.Y., 262 AD2d 414; Matter of Omega Contr. v Maropakis Contr., 160 AD2d 942). There may be an abuse of discretion when the refusal to grant an adjournment results in the foreclosure of the presentation of material, pertinent evidence (see Matter of Bevona [Superior Maintenance Co.], 204 AD2d 136, 139; Omega Contr. v Maropakis Contr., 160 AD2d 942; cf. Matter of Trivino v Allcity Ins. Co., 227 AD2d 638, 638).
An arbitration award shall be vacated if the court determines that a party's rights were prejudiced by the "failure to follow the procedure of [CPLR art. 75], unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection" (CPLR 7511[b][1][iv]). The parties to an arbitration are "entitled to be heard, to present evidence and to cross-examine witnesses" and to be represented by counsel (CPLR 7506[c], [d]).
Here, Katz failed to meet her burden of proving, by clear and convincing evidence, that her rights were prejudiced by misconduct (see Matter of Allstate Ins. Co. v GEICO [Govt. Empls. Ins. Co.], 100 AD3d at 879). Further, the arbitrators' denial of Katz's request for an adjournment did not constitute either an abuse of discretion or misconduct sufficient to warrant vacatur of the award (see Matter of M.T.M. Beverages Corp. v Pepsi Cola Bottling Co. of N.Y., 262 AD2d 414). The record does not indicate that the denial of Katz's request for an adjournment foreclosed her ability to present relevant evidence (see id.; Matter of Trivino v Allcity Ins. Co., 227 AD2d at 638), or otherwise deprived her of the rights set forth in CPLR 7506(c) and (d) (cf. Nastasi v Artenberg, 130 AD2d 469; International Components Corp. v Klaiber, 59 AD2d 853). Accordingly, we agree with the Supreme Court's determination to grant the petition to confirm the arbitration award and to deny Katz's cross motion to vacate the award.
CHAMBERS, J.P., SGROI, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court