### In re SALOMON ANALYST LITIGATION

**This Order Relates to All Actions in: In re Salomon Analyst AT & T Litigation In re Salomon Analyst Level 3 Litigation In re Salomon Analyst XO Litigation In re Salomon Analyst Williams Litigation**

Nos. 02 Civ. 6801(GEL), 02 Civ. 6919(GEL), 02 Civ. 8114(GEL), 02 Civ. 8156(GEL).

United States District Court, S.D. New York.

March 8, 2005.

Frederick Taylor Isquith, Sr., Thomas H. Burt, Wolf, Haldenstein, Adler, Freeman & Herz, L.L.P., New York City, Marc S. Henzel, Bala Cynwyd, PA, for Stanley Sved, on behalf of himself and all others similarly situated, Plaintiff.

Daniel Adam Osborn, Edward Korsinsky, Beatie and Osborn, L.L.P., New York City, for Gersh Korsinsky, on behalf of himself and all others similarly situated, Consol. Plaintiff.

Marc A. Topaz, Schiffrin & Barroway, L.L.P., Bala Cynwyd, PA, Menachem E. Lifshitz, Michael Stephen Bigin, Bernstein, Liebhard & Lifshitz, L.L.P., New York City, Paul J. Geller, Cauley, Geller, Bowman & Coates, L.L.P., Boca Raton, FL, for Delbert Currens, ob behalf of himself and all others similarly situated, Consol. Plaintiff.

Aaron Lee Brody, Stull, Stull & Brody, New York City, for Gambino, on behalf of himself and all others similarly situated, Consol. Plaintiff.

Christopher J. Gray, Law Office of Christopher J. Gray, P.C., New York City, for Edward R. Barron, on behalf of himself and all others similarly situated, Consol. Plaintiff.

Frederick Taylor Isquith, Sr., Thomas H. Burt, Wolf, Haldenstein, Adler, Freeman & Herz, L.L.P., New York City, John G. Emerson, Jr., Little Rock, AR, for Paul E. Caster, on behalf of themselves and all other similarly situated, Carol A. Castor, on behalf of themselves and all others similarly situated, Consol. Plaintiffs.

Andrew M. Schatz, Jeffrey S. Nobel, Schatz & Nobel, P.C., Hartford, CT, Joseph R. Seidman, Jr., Menachem E. Lifshitz, Berrnstein Liebhard & Lifshitz, LLP, New York City, for Joffre C. Burger, on behalf of himself and all others similarly situated, Consol. Plaintiff.

Bruce G. Murphy, Vero Beach, FL, Menachem E. Lifshitz, Michael Stephen Bigin, Bernstein Liebhard & Lifshitz, L.L.P., New York City, for ZVI Trading Corp. Employees' Money Purchase Pension Plan & Trust, individually and on behalf of all others similarly situated, Consol. Plaintiff.

Brad S. Karp, Eric S. Goldstein, Joyce Szuyun Huang, Paul, Weiss, Rifkind, Wharton & Garrison, Martin London, Peter K. Vigeland, Wilmer Cutler Pickering Hale and dorr LLP, Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York City, for Citigroup Global Markets, Inc., Sanford Weill, Jack Grubman, Defendants.

Brad S. Karp, Eric S. Goldstein, Joyce Szuyun Huang, Paul Weiss, Rifkind, Wharton & Garrison, Brad S. Karp, Eric S. Goldstein, Joyce Szuyun Huang, Martin London, Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison, L.L.P., Martin London, Peter K. Vigeland, Wilmer Cutler Pickering Hale and Dorr LLP, New York City, for Citigroup, Inc., Defendant.

Frederick Taylor Isquith, Sr., Wolf, Haldenstein, Adler, Freeman & Herz, L.L.P.,

New York City, for Charles M. Lewis, Karyn Lewis, Robert McLaren, Carol Caster, Donna Clark, Fernando Diaz, Thomas Yeatman, Paul Caster, Movants.

Eric James Belfi, Murray, Frank & Sailer, LLP, New York City, for Robert McLaren, Robert R. Nelson, Paul H. Nelson, John P. McLoughlin, Movants.

Sandy A. Liebhard, Bernstein, Liebhard & Lifshitz, L.L.P., New York City, for ZVI Trading Corp. Employees' Money Purchase Pension Plan & Trust, Private Asset Management, Movants.

Joseph R. Seidman, Jr., Bernstein Liebhard & Lifshitz, LLP, New York City, for Vincent J. Schumacher, Movant.

Marc I. Gross, Lifshitz, LLP, New York City, for Louisiana School Employees' Retirement System, Movant.

Marc I. Gross, Pomerantz, Haudek, Block, Grossman & Gross, L.L.P., New York City, for Louisiana School Employees' Retirement System, Movant.

Joseph H. Weiss, Weiss & Yourman, Jules Brody, Stull Stull & Brody, New York City, for Robert Chestman, H.C. Daigle, Denis Dehne, Jared N. Kaiser, Louis Reda, Wayne Wolberg, Movants.

Jules Brody, Stull Stull & Brody, New York City, for Adnan Elassir, Movant.

## OPINION AND ORDER

LYNCH, District Judge.

On December 2, 2004, this Court denied in part defendants' motions to dismiss the complaints in these securities fraud actions, rejecting *inter alia* arguments that plaintiffs had failed adequately to plead loss causation. *In re Salomon Analyst AT&T Litig.*, 350 F.Supp.2d 455, 471 (S.D.N.Y.2004); *In re Salomon Analyst Level 3 Litig.*, 350 F.Supp.2d 477, 495 (S.D.N.Y.2004). Shortly thereafter, the Second Circuit decided *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir.2005), which elaborated and clarified the Circuit's case law with respect to loss causation. Defendants promptly filed renewed motions to dismiss, arguing that *Lentell* undermined this Court's reasoning. Defendants now seek a ruling that the Private Securities Litigation Reform Act's ("PSLRA") automatic stay of discovery and other proceedings "during the pendency of any motion to dismiss," 15 U.S.C. § 78u–4(b)(3)(B), has been reimposed by the mere filing of their renewed motions. Although defendants' reasoning is not fully persuasive, a stay will be granted.

Defendants argue that the statutory language applies to *any* motion to dismiss, and contend that the discovery stay provision should not "apply differently simply because the pending motion to dismiss is the second such motion." (Letter from Richard A. Rosen to the Court of February 4, 2005 ("Rosen Letter"), at 2.) Defendants emphatically argue that the stay applies *automatically* and not as a matter of judicial discretion. They do not ask the Court to consider the likelihood that their motion will succeed on the merits; to the contrary, they vigorously object to plaintiffs' effort to argue its likely failure, contending that the Court should not attempt to "predict" the ultimate merits of the motion. (Letter from Richard A. Rosen to the Court of February 7, 2005, at 1.) Rather, defendants insist that the mere filing of *any* motion to dismiss, "successive or otherwise" (Rosen Letter at 2), automatically renews the statutory stay.

This argument has troubling implications. The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until "after the Court has sustained the legal sufficiency of the complaint." S.Rep. No. 104–98 at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693. In a case where

the court already *has* sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.

Moreover, defendants' assertion that "the law is well established that successive motions ... *do* stay discovery under the PSLRA" (Rosen Letter at 2) (emphasis in original) is, to say the least, overstated. Defendants cite three district court opinions in support of this claim. All are distinguishable, or are flatly misstated by defendants. In *Faulkner v. Verizon Communications, Inc.*, 156 F.Supp.2d 384 (S.D.N.Y.2001), the court granted defendant's motion to dismiss, but allowed plaintiffs to replead. Defendants then sought leave to move to dismiss the amended complaint. The court granted this request, along with a stay pending determination of that motion, but gave no indication that it believed the stay was an automatic consequence of the filed motion to dismiss. *Id.* at 406. In any event, the case is completely different from this one, as the court there had never "sustained the legal sufficiency of the complaint," but conversely had dismissed it. In the case *In re Tyco Int'l Ltd. Sec. Litig.*, No. 00MD1335, 2000 WL 33654141 (D.N.H. July 27, 2000), the court found that the PSLRA stay applied even though a motion was not yet pending. Defendants' argument here that the motion that was ex-

pected to be filed in *Tyco* was a "successive motion[ ]" (Rosen Letter at 2) appears to turn on the fact that motions to dismiss addressed to certain individual actions had been filed prior to consolidation, and a schedule for filing an amended consolidated complaint and motions to dismiss that complaint had just been established. *Id.* at *1 n. 1. Nothing in the opinion suggests that any prior motion had been decided, let alone that the contemplated motions were "successive" in the sense that the court had already upheld the merits of the complaint. Rather, it seems that the anticipated motion would have been the first to test the sufficiency of the operative complaint in the consolidated case.

The only case cited by defendants that appears at all comparable to the present matter is *In re Southern Pacific Funding Corp. Sec. Litig.*, 83 F.Supp.2d 1172 (D.Or. 1999). There, as here, a motion to dismiss the complaint was denied "in large measure." *Id.* at 1174–75. However, intervening appellate decisions "affect[ed]" the court's prior holdings, and induced plaintiffs to seek leave to amend their complaint and defendants to move to dismiss. *Id.* at 1174. Under these circumstances, the court noted that "[w]ith the pendency of these new dismissal motions, discovery has been stayed again." *Id.* at 1175 n. 1. The court simply observed that discovery had been stayed, without further explanation of why or how, or any indication that the stay had been contested or any legal issue decided by the court. The court's passing remark hardly qualifies even as dictum.[1]

---

1. Somewhat more helpful to defendants is a case they cite only in a footnote. (*See* Rosen Letter at 2 n. I.) In *Powers v. Eichen*, 961 F.Supp. 233 (S.D.Cal.1997), a Magistrate Judge held that a PSLRA stay applied pending resolution of a motion for reconsideration of the District Court's earlier denial of a motion to dismiss. This Court is not persuaded, however, by the *Powers* court's argument that if the PSLRA were "read more narrowly, defendants would be afforded very little of the protection that Congress intended." *Id.* at 236.

Thus, none of the cases cited by defendants come close to addressing their claim that the PSLRA stay automatically applies to a successive motion to dismiss filed after a court has already sustained the validity of all or part of a complaint. Nevertheless, this Court need not accept defendants' argument in order to grant a stay. Without in any way prejudging the merits of their motion to dismiss, the successive motion here, as in *Southern Pacific*, is neither frivolous nor advanced solely to delay the proceedings, but was occasioned by an intervening appellate decision. The Second Circuit has decided a case, binding precedent for this Court, that advances new reasoning addressing a significant issue in the case and warrants revisiting the Court's analysis of the issue of loss causation.

Nor is this simply a case in which defendants merely cite new authority for an old argument. It is indisputable that the Second Circuit's case law on loss causation was in some disarray, and that *Lentell* represents a major effort to clarify the doctrine, in a context relevant to this case. The Court expresses no view whatsoever on whether *Lentell* is inconsistent with its earlier opinions. However, it is reasonable to afford the parties an opportunity to brief the implications of that decision, so that the Court can decide whether *Lentell* affects the viability of plaintiffs' complaints. In view of the policy of the PSLRA to deny discovery until a complaint has been authoritatively sustained by the court, it is appropriate to extend the stay under the present circumstances. Since that result is appropriate as an exercise of the Court's discretion, there is no need to decide whether the filing of a successive motion, or even of any non-frivolous motion, after a court has already denied on the merits an earlier motion to dismiss would trigger an automatic stay under the PSLRA.

The Court recognizes that these cases have been pending for a long time, and that discovery could be further delayed by this motion. The parties' agreement to a speedy briefing schedule does not obviate the problem of delay. The Court's docket is crowded with trials and other motions, and it is impossible to predict that the Court's resolution of the issue will be as quick as the parties' briefing. Under the circumstances, however, it is appropriate to stay discovery until defendants' arguments are heard.

Accordingly, all proceedings in these cases are stayed pending resolution of defendants' renewed motions to dismiss.

SO ORDERED.