(November 29, 2005)

■ In the Matter of HSBC Bank USA, National Association, Respondent, v The National Equity Corp. et al., Appellants, et al., Respondent. [804 NYS2d 311]—

Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered October 7, 2004, inter alia, confirming an arbitration award in favor of petitioner bank and against respondents-appellants borrowers and guarantors, unanimously affirmed, with costs.

The arbitrators' refusal to adjourn the hearing, which had already taken four years as a result of adjournments granted respondents to abide certain criminal prosecutions, did not foreclose the presentation of pertinent and material evidence and did not otherwise constitute misconduct within the meaning of CPLR 7511 (b) (1) (i) (*see Matter of Bevona [Superior Maintenance Co.]*, 204 AD2d 136, 139 [1994]). The only showing made by respondents, who factored loans to garment industry businesses with funds borrowed from petitioner, was that petitioner's branch manager accepted bribes from respondents' customers to wrongfully allow overdrafts. There was no proffer that the manager was complicit in the false invoicing by respondents or their customers that caused the loan defaults petitioner seeks to recover, or that petitioner was negligent in failing to supervise the extension of loans based on such invoicing. Thus, the foreclosed evidence could not have changed the result. As the application court correctly discerned from the language of the

interim award, the arbitrators properly determined other issues without a hearing. We have considered respondents' other contentions and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin and McGuire, JJ.