■ In the Matter of LAWRENCE CAMPBELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [821 NYS2d 27]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered November 9, 2005, which granted petitioner's motion to vacate an arbitration award dated September 27, 2004, terminating petitioner's employment, and remanded the matter to be heard by a different arbitrator, unanimously reversed, on the law, without costs, and the arbitrator's decision reinstated.

Petitioner, a cleaner for respondent, New York City Transit Authority (TA), was suspended from that job on March 2, 2004. Petitioner was accused of assaulting a passenger and another employee on the previous night, failing to report the incident, and failing to offer assistance to the passenger. He was also arrested on that day and charged with assault. The TA commenced disciplinary proceedings and ultimately the matter was referred to an impartial arbitrator. The arbitration was adjourned three times at petitioner's request.

When the parties appeared on July 27, 2004, the petitioner asked that the case be held in abeyance until after the criminal charges against him were heard on August 5, 2004. The arbitrator denied the request, and noted that public witnesses were present on that date, and had been present on a previous date, and that a last-minute delay of the proceedings would therefore be prejudicial to the TA. The arbitrator also noted that petitioner had been aware for at least two weeks that the case was to be tried on that date and had made no objection. Petitioner then testified at length at the trial without invoking his Fifth Amendment privilege.

The arbitrator found that the TA had cause to discipline petitioner, and that dismissal was the appropriate remedy. Petitioner then moved to vacate the award under CPLR 7511, contending that the arbitrator committed misconduct by failing to adjourn the arbitration until the criminal charges were resolved.

Supreme Court granted the petition, vacated the award and remanded the matter to a different arbitrator. For the reasons that follow, this was clear error.

It is beyond cavil that the scope of judicial review of an arbitration proceeding is extremely limited (CPLR 7511 [b]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72 [2003]). Accordingly, an arbitrator's award will not be vacated "unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation on his power" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]). A court "cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (*Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). Moreover, "as long as arbitrators act within their jurisdiction, their awards will not be set aside because they have erred in judgment either upon the facts or the law" (*Matter of Goldfinger*

*v Lisker*, 68 NY2d 225, 230 [1986]). In short, an arbitration award cannot be vacated if there exists any plausible basis for it (*Matter of Brown & Williamson Tobacco Corp. v Chesley*, 7 AD3d 368, 372 [2004]).

Supreme Court properly found that petitioner had not waived his right to challenge the arbitration by participating therein (CPLR 7511 [b] [1]). However, it clearly exceeded its authority by undertaking its own review of the evidence, including evidence that was not before the arbitrator, and by substituting its judgment for that of the arbitrator.

A party who participates in an arbitration may apply to set aside an award, and the court may grant such an application, when it finds that the rights of a party were prejudiced by "corruption, fraud or misconduct in procuring the award" (CPLR 7511 [b] [1] [i]). The arbitrator's decision to deny a stay of the arbitration did not constitute misconduct, especially under the circumstances herein.

The law is clear that a court is not required to stay a civil action until a pending related criminal prosecution has been terminated so that a party can avoid the difficulty of choosing between presenting evidence in his or her own behalf and asserting his or her Fifth Amendment rights (*see Access Capital v DeCicco*, 302 AD2d 48, 53 [2002]; *Matter of Kopf [Doublekay Contr. Corp.—United States of Am.]*, 169 AD2d 428 [1991]; *Stuart v Tomasino*, 148 AD2d 370, 373 [1989]; *DeSiervi v Liverzani*, 136 AD2d 527, 528 [1988] [the pendency of a criminal proceeding does not give rise to an absolute right under the United States or New York State constitutions to a stay of a related civil proceeding, although a court may use its discretion to grant one]; *Langemyr v Campbell*, 21 NY2d 796 [1968], *cert denied* 393 US 934 [1968]).

Adjournments generally fall within the sound exercise of an arbitrator's discretion pursuant to CPLR 7506 (b), the exercise of which will only be disturbed when abused (*Harwyn Luggage v Henry Rosenfeld, Inc.*, 90 AD2d 747 [1982], *affd* 58 NY2d 1063 [1983]). A refusal to grant an adjournment constitutes "misconduct" within the meaning of CPLR 7511 (b) (1) (i) only when it results in the failure to hear pertinent and material evidence and in the effective exclusion of an entire issue (*see Stanwood Mills v Bonita Fabrics*, 249 AD2d 244 [1998]; *Matter of Bevona [Superior Maintenance Co.]*, 204 AD2d 136, 139 [1994]).

Petitioner has made no showing that the presentation of material evidence was foreclosed here. To the contrary, petitioner testified fully about the details of the incident. Neither below nor on appeal has he even suggested how his testimony was

curtailed, or how any precluded evidence would have helped his case (*see Matter of HSBC Bank USA, N.A. v National Equity Corp.*, 23 AD3d 305 [2005] [the arbitrator's refusal to adjourn the hearing during the pendency of petitioner's criminal trial did not foreclose the presentation of pertinent and material evidence and did not otherwise constitute misconduct within the meaning of CPLR 7511 (b) (1) (i)]).

Finally, the court's extensive reference to the transcript of the criminal trial, which occurred 18 months after the award in question, in an effort to undo the arbitrator's findings, was error in light of the plain language of CPLR 7511 and the overwhelming weight of precedent. Concur—Buckley, P.J., Sullivan, Williams, Catterson and McGuire, JJ.