◼ MARK CRANE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [987 NYS2d 160]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered June 10, 2013, which denied the petition seeking to vacate an arbitration award, dated February 12, 2012, imposing a 30-day suspension, and an arbitration award, dated May 23, 2013, terminating petitioner's employment for misconduct, and for a rehearing of a grievance submitted by petitioner on June 7, 2006, and dismissed the proceeding brought pursuant to CPLR article 75, unanimously affirmed, without costs.

Petitioner has failed to argue, let alone set forth, any of the grounds for setting aside an arbitration award. He does not allege corruption, fraud or misconduct in procuring the award or partiality of the arbitrators. Nor does he allege that the arbitrators exceeded their power, failed to follow the procedure set forth in CPLR article 75, or that the award is irrational or violates public policy (*see* CPLR 7511 [b] [1]; *Matter of Campbell v New York City Tr. Auth.*, 32 AD3d 350 [1st Dept 2006]). Petitioners' allegations amount to nothing more than a claim that the arbitrators made errors of fact or law which, even if true, does not warrant vacatur of the awards (*see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336 [2005]). Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.