Matter of Toussie v Coastal Dev., LLC (2018 NY Slip Op 03486)





Matter of Toussie v Coastal Dev., LLC


2018 NY Slip Op 03486


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


650227/16 6565 6564

[*1]In re Robert Toussie, et al., Petitioners-Respondents,
v
Coastal Development, LLC, et al., Respondents-Appellants. Hal Lieberman, Amicus Curiae.


Storch Amini PC, New York (Steven G. Storch of counsel), for appellants.
Lupkin PLLC, New York (Jonathan D. Lupkin of counsel), for respondents.
Emery Celli Brinckerhoff & Abady LLP, New York (Daniel J. Kornstein of counsel), for amicus curiae.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.) entered August 15, 2017, in favor of petitioners, against respondents, in the total sum of $7,857,642.50, unanimously affirmed, without costs. Appeal from amended order, same court and Justice, entered June 16, 2017, which, to the extent appealed from as limited by the briefs, granted petitioners' motion to confirm the arbitration award, and denied respondents' motion to vacate the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Because respondents raised the alleged limitation on the arbitrator's authority during the arbitration, as well as in opposition to petitioners' motion to confirm and in support of their motion to vacate, they did not wave their right to challenge the award (Matter of Silverman [Benmor Coats], 61 NY2d 299, 309 [1984]; Matter of Campbell v New York City Tr. Auth., 32 AD3d 350, 352 [1st Dept 2006]; Matter of City of New York v Local 1549 of Dist. Council 37, Am. Fedn. of State, County & Mun. Empls., 248 AD2d 125, 126 [1st Dept 1998]).
Having reviewed the record, however, we conclude that the arbitrator did not exceed his powers by maintaining jurisdiction over the parties' dispute, the scope of which fell within the parties' agreements concerning arbitrable controversies (see Silverman, 61 NY2d at 308).
The damages award was appropriate, because specific performance was impossible (see Matter of Wynyard v Antique Co. of N.Y., 214 AD2d 344, 344-345 [1st Dept 1995]; see also Nicholson v 300 Broadway Realty Corp., 7 NY2d 240, 242 [1959]).
The guaranty expressly provides for petitioners' recovery of attorneys' fees, and the Settlement Agreement, pursuant to which the parties arbitrated, expressly incorporates the terms of the guaranty. Accordingly, petitioners could recover attorneys' fees in the arbitration.
We have considered respondents' remaining contentions and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK