Miller v New York City Hous. Auth. (2019 NY Slip Op 02787)





Miller v New York City Hous. Auth.


2019 NY Slip Op 02787


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


154027/16 8973 595436/16 8972

[*1]Amy Miller, Plaintiff—Respondent,
v
New York City Housing Authority, Defendant—Appellant. 
[And A Third-Party Action]
Amy Miller, Plaintiff—Respondent,
v
New York City Housing Authority, Defendant—Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Law Offices of Devon M. Radlin, New York (Devon M. Radlin of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered December 11, 2017, which denied defendant's motion to stay the proceedings until the completion of the criminal case against third-party defendant, unanimously affirmed, without costs. Order, same court and Justice, entered October 12, 2018, which denied defendant's motion to renew, unanimously affirmed, without costs.
Plaintiff alleges that defendant's failure to maintain a lock on the main front entrance of the premises where plaintiff lived resulted in someone entering the building and assaulting her. Police later arrested a suspect for the crime, and his criminal case is still pending. Defendant seeks to stay the proceedings in this civil action until the criminal case is concluded, asserting that criminal files are sealed during the pendency of the criminal action, and as a result it will not be able to defend itself.
The court properly concluded that a stay was not warranted as this action is a negligence action, where plaintiff alleges that defendant knew the front-door lock at the premises was broken yet allowed the condition to continue without repair, thus creating a hazard for building residents and for her specifically. Such allegations are distinct from the question of whether the alleged assailant committed the crimes charged in the indictment, and defendant would not be prejudiced by proceeding with discovery. Accordingly, the motion court properly exercised its discretion in denying the motion for a stay, as well as the motion to renew (see Fortress Credit [*2]Opportunities I LP v Netschi, 59 AD3d 250 [1st Dept 2009]; Campbell v New York City Tr. Auth., 32 AD3d 350, 352 [1st Dept 2006]; compare Britt v International Bus Servs., 255 AD2d 143 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK