Matter of Rivera v New York City Tr. Auth. (2022 NY Slip Op 03061)





Matter of Rivera v New York City Tr. Auth.


2022 NY Slip Op 03061


Decided on May 05, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 05, 2022

Before: Gische, J.P., Kern, Oing, González, Scarpulla, JJ. 


Index No. 650755/21 Appeal No. 15881 Case No. 2021-03786 

[*1]In the Matter of Thomas Rivera et al., Petitioners-Respondents,
v
New York City Transit Authority, Respondent-Appellant.


David I. Farber, Brooklyn (Robert K. Drinan of counsel), for appellant.
Advocates for Justice, Chartered Attorneys, New York (Arthur Z. Schwartz of counsel), for respondents.



Order, Supreme Court, New York County (Frank Nervo, J.), entered on or about September 29, 2021, which granted the petition to vacate a May 22, 2020 arbitration award terminating petitioner from his employment with respondent, remanded the matter for a new hearing before a different arbitrator, and severed the portion of the petition for attorneys' fees, unanimously reversed, on the law, without costs, the arbitrator's decision reinstated, the petition denied and the proceeding dismissed.
The court should not have granted the petition to vacate the arbitration award because the award had a rational basis (see generally Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 79 [2003]). In 2019, petitioner was the subject of a prior disciplinary action involving charges of attendance and time violations. Those charges were resolved by a stipulation and agreement dated October 25, 2019, pursuant to which petitioner stipulated that the charges were sustained. Under the terms of the stipulation, he accepted a "30 day suspension and a final warning on time and attendance violations." Petitioner further agreed that the authority of the arbitrator adjudicating "any time and leave violations occurring within eighteen (18) months of the stipulation," would be "limited to review of the charged misconduct, which if sustained would result in dismissal."
In February 2020, petitioner was charged with failing to report to work for 12 days, from January 28 through February 11, 2020, and abandonment of his position, in violation of NYCTA Time and Leave Rules 2(b) and 5(a), which require that employees obtain prior approval for all leaves of absence, "except for such emergencies as death in immediate family and other substantiated unforeseeable occurrences."
Although petitioner called in to work each day, he did not obtain prior approval for any of these absences. The issue before the arbitrator was whether the circumstances of petitioner's absences were substantiated unforeseeable circumstances.
At the hearing, petitioner testified that he was absent to care for his daughter who is bipolar and has attempted suicide on previous occasions. The documents he offered in support, signed by a doctor, show that petitioner's adult daughter sought treatment at urgent care, coinciding with the dates of his absence. The urgent care records do not include a diagnosis or any specific supervision or treatment recommendations; only that his daughter refrain from going to work and school for a certain number of days. The arbitrator, while acknowledging that petitioner's circumstances were compelling, found that the documentation did not substantiate what level of care petitioner's daughter required or that she needed his constant presence.
Under these circumstances, we conclude that there was a plausible basis for the arbitrator's finding that petitioner's excuse for his prolonged absence without prior [*2]approval was not sufficiently substantiated, despite the challenging circumstances presented by his daughter's mental health (see Matter of Brown & Williamson Tobacco Corp. v Chesley, 7 AD3d 368, 372 [1st Dept 2004]; Matter of Campbell v New York City Tr. Auth., 32 AD3d 350, 351-352 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2022