Camelot Event Driven Fund v Morgan Stanley & Co. LLC (2023 NY Slip Op 05534)

Camelot Event Driven Fund v Morgan Stanley & Co. LLC

2023 NY Slip Op 05534

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 654959/21 Appeal No. 958 Case No. 2023-03270 

[*1]Camelot Event Driven Fund etc., Plaintiff-Respondent,
v
Morgan Stanley & Co. LLC, et al., Defendants-Appellants, Viacomcbs, Inc., et al., Defendants.

Skadden, Arps, Slate, Meagher, & Flom LLP, New York (Scott D. Musoff of counsel), for Morgan Stanley & Co. LLC and Goldman Sachs & Co. LLC, appellants.
Simpson Thacher & Bartlett LLP, New York (Jonathan K. Youngwood of counsel), for J.P. Morgan Securities, LLC, Citigroup Global Markets Inc., Siebert Williams Shank & Co., LLC, RBC Capital Markets, LLC, U.S. Bancorp Investments, Inc., TD Securities (USA) LLC, SG Americas Securities, LLC, CastleOak Securities, L.P., Samuel A. Ramirez & Company, Inc., Academy Securities, Inc., R. Seelaus & Co., LLC, BNY Mellon Capital Markets, LLC, Intesa Sanpaolo S.P.A., and ICBC Standard Bank PLC, appellants.
Willkie Farr & Gallagher LLP, New York (Brady M. Sullivan of counsel), for SMBC Nikko Securities America, Inc., appellant.
Sidley Austin LLP, New York (Deborah Sands of counsel), for Wells Fargo Securities, LLC, appellant.
Bernstein Litowitz Berger & Grossmann LLP, New York (John Rizio-Hamilton of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about June 13, 2023, which denied defendants' motions for a stay of discovery pursuant to the Private Securities Litigation Reform Act (PSLRA) (15 USC § 77z-1[b][1]) and CPLR 2201 pending their appeals from an order, dated February 6, 2023, denying their motions to dismiss, unanimously affirmed, with costs.
As an initial matter, although raised for the first time on appeal, we may consider the purely legal issue of whether a PSLRA stay applies to actions in state court (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). We conclude that it does.
15 USC § 77z-1(b)(1) provides, "In any private action arising under thissubchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." By contrast, 15 USC § 77z-1(a)(1) states, "The provisions of this subsection shall apply to each private action arising under this subchapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." The plain language of the statute demonstrates that subsection (a) applies only to actions in federal court, whereas subsection (b) applies to any private action, whether brought in state or federal court (see Matter of Everquote, Inc. Sec. Litig., 65 Misc 3d 226, 237 [Sup Ct, NY County 2019]; City of Livonia Retiree Health and Disability Benefits Plan v Pitney Bowes Inc., 2019 WL 2293924, *4, 2019 Conn Super LEXIS 1604, *8-9 [May 15, 2019, No. X08 FST CV 18 6038160 S]; Milano v Auhll, 1996 WL 33398997, *2-3, 1996 Cal Super LEXIS 2, *6-7 [Oct. 2, 1996, No. SB 213 476]).
Nevertheless, although we find that the PSLRA stay applies to state court actions, we conclude that it does not apply to stay discovery pending appeals from denials of motions to dismiss. As noted, 15 USC § 77z-1(b)(1) states that discovery shall be stayed "during the pendency of any motion to dismiss." Thus, its plain language provides for a stay of discovery only while a motion to dismiss is awaiting disposition. Here, because defendants' motions to dismiss have been decided, the stay no longer applies. They are not entitled to a stay of discovery pending their appeals from the denial of the motions.
Our determination is consistent with the statute's purpose. "The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint. In a case where the court already has sustained the legal sufficiency of the complaint, this purpose has been served" (In re Salomon Analyst Litig., 373 F Supp 2d 252, 254-255 [SD NY 2005] [internal quotation marks and citation omitted]; see also In re Lernout & Hauspie Sec. Litig., 214 F Supp 2d 100, 106 [D Mass 2000]).
Additionally, in the federal system, there are no interlocutory appeals as of right. Holding that the PSLRA stay does not apply [*2]during the pendency of an appeal from a denial of a motion to dismiss would maintain uniformity between the federal and state systems, preventing an incentive for forum shopping (see Everquote, 65 Misc 3d at 240; Milano, 1996 WL 33398997 at *4, 1996 Cal Super LEXIS 2 at *10).
We decline to grant a discretionary stay (see CPLR 2201; 5519[c]). We note that we have previously denied defendants' motions for a stay pending the appeals (see Camelot Event Driven Fund v Morgan Stanley & Co. LLC, 2023 NY Slip Op 71434[U] [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023