Ormond v Weinstein (2024 NY Slip Op 51576(U))

[*1]

Ormond v Weinstein

2024 NY Slip Op 51576(U)

Decided on November 19, 2024

Supreme Court, New York County

Schumacher, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2024
Supreme Court, New York County

Julia Ormond, Plaintiff,

against
Harvey Weinstein, CREATIVE ARTISTS AGENCY, LLC, THE WALT DISNEY COMPANY, MIRAMAX HOLDING CORP. and MIRAMAX FILM NY, LLC f/k/a MIRAMAX FILM CORP., Defendants.

Index No. 952107/2023

Wigdor LLP (Douglas H. Wigdor and Meredith A. Firetog of counsel), Law Office of Kevin Mintzer, P.C. (Kevin Mintzer and Laura L. Koistinen of counsel), and Clayman, Rosenberg, Kirshner & Linder LLP (Isabelle A. Kirshner and Effie Blassberger of counsel), for plaintiff.
Aidala, Bertuna & Kamins, P.C. (Imran H. Ansari and Rosario Bona of counsel), for defendant Harvey Weinstein.
Paul, Weiss, Rifkind, Wharton & Garrison LLP (Loretta E. Lynch, Amy L. Barton, and Jeannie S. Rhee of counsel), for defendant Creative Artists Agency, LLC.
Cravath, Swaine & Moore LLP (J. Wesley Earnhardt and David H. Korn of counsel), for defendant The Walt Disney Company.
Latham & Watkins LLP (Marvin S. Putnam and Laura R. Washington of counsel), for defendant Miramax Film NY, LLC.

Eric Schumacher, J.

NYSCEF doc nos. 69-73 and 82-83 were read on motion seq. no. 006 for a stay.
NYSCEF doc nos. 75-77, 84, 86, and 88-89 were read on motion seq. no. 007 for a stay.
NYSCEF doc nos. 79-80, 85, and 87 were read on motion seq. no. 008 for a stay.
Motion seq. nos. 006, 007, and 008, by defendants Creative Artists Agency, LLC, Harvey Weinstein, and Miramax Film NY, LLC f/k/a Miramax Film Corp., respectively, pursuant to CPLR 2201 for the same relief, an order staying discovery, pending, in motion seq. nos. 006 and 008, the resolution of appeals from an order of the prior motion court, dated August 19, 2024, denying the motions to dismiss of defendants The Walt Disney Company, Creative Artists Agency, LLC, and Miramax Film NY, LLC f/k/a Miramax Film Corp., and, in motion seq. no. 007, the resolution of the ongoing criminal cases against Weinstein, or considering the health of Weinstein denied.[FN1]

The sum and substance of the complaint in this action is recited in the order of the prior motion court and is incorporated by reference. The motions are consolidated for disposition.
Based on the papers submitted, the court finds that movants have failed to demonstrate entitlement to a discretionary stay pursuant to CPLR 2201. The CPLR provides for an automatic stay of disclosure until the determination of motions to dismiss or for summary judgment pursuant to CPLR 3211, 3212, and 3213, unless the court orders otherwise (see CPLR 3214). On a pre-answer motion to dismiss, "[t]he purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint. In a case where the court already has sustained the legal sufficiency of the complaint, this purpose has been served." (Camelot Event Driven Fund v Morgan Stanley & Co. LLC, 221 AD3d 403, 404 [1st Dept 2023].) In federal court, in the absence of a statute specific to a certain area of law, such as the Private Securities Litigation Reform Act at issue in Camelot, the filing of a motion to dismiss or a motion for summary judgment ordinarily does not automatically stay discovery. In New York courts, where the trend favors protecting against the initial costs of discovery to the detriment of plaintiffs whose cases are delayed by pre-answer motions to dismiss that are ultimately denied, once such motions to dismiss have been decided, as here, any automatic stay no longer applies, and only a discretionary stay before the court where the action is pending is available.
"CPLR 2201 authorizes the granting of a stay in a proper case, upon such terms as may [*2]be just. However, the broad language of the statute has been limited by decision." (Hope's Windows v Albro Metal Products Corp., 93 AD2d 711, 712 [1st Dept 1983].) Yet "a court has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, duplication of proof and potential waste of judicial resources" (215 W. 84th St Owner LLC v Ozsu, 209 AD3d 401, 401 [1st Dept 2022]).
In motion seq. no. 006, movant Creative Artists Agency, LLC argues, in the main, that plaintiff will not be prejudiced, and defendants will be prejudiced, by proceeding with discovery while movant's meritorious appeal is pending. Where, as here, the issues forming the basis of the request for a stay are those raised in a pending appeal of an order from the same case, it is the policy of this court to respectfully refer any decision as to whether to grant a discretionary stay to the Appellate Division, First Department, under either CPLR 2201 or 5519(c), as appropriate (see e.g. Camelot at 461 [here, CPLR 2201 applies, as there can be no stay of enforcement of a denial of a motion to dismiss]). The court does not take its decision to maintain the status quo lightly, reflecting that "[a] stay of an action can easily be a drastic remedy, on the simple basis that justice delayed is justice denied" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2201:7). The first motion to dismiss was filed on December 19, 2023. The preliminary conference was not held until October 28, 2024. The first deadlines pursuant to the preliminary conference order are not until December 18, 2024, approximately one year after the automatic stay pursuant to CPLR 3214 commenced.
In motion seq. no. 007, movant Weinstein argues, in the main, 1) that Weinstein will be prejudiced by having to assert his constitutional privilege against self-incrimination in this case; and 2) that the health of Weinstein is such that he cannot participate adequately in his defense. As to the former, "[t]he assertion of the privilege against self-incrimination is an insufficient basis for precluding discovery" (Fortress Credit Opportunities I LP v Netschi, 59 AD3d 250, 250 [1st Dept 2009], citing Access Capital, Inc. v DeCicco, 302 AD2d 48, 52-53 [1st Dept 2002]. Further, "[t]he law is clear that a court is not required to stay a civil action until a pending related criminal prosecution has been terminated so that a party can avoid the difficulty of choosing between presenting evidence in his or her own behalf and asserting his or her Fifth Amendment rights" (Campbell v New York City Trans. Auth., 32 AD3d 350, 352 [1st Dept 2006]; see also Cohen v Gordon & Silber, PC, 217 AD3d 445, 445 [1st Dept 2023]).
Here, despite the broad language of CPLR 2201, this court is constrained by these holdings not to grant a discretionary stay based on pending criminal prosecution where there is no argument or evidence that such prosecution has identity of party or fact with the civil action. That Weinstein stands accused, perhaps (the indictment is sealed) of bad acts like those alleged by plaintiff is far too tenuous where those acts do not share a nexus in time or place, and there is no dispute that plaintiff has had no role in any of the criminal prosecutions.
As to the latter, the issue of the health of Weinstein, the argument raises questions of fact necessitating a threshold showing of merit. It is well-settled that "[a]n affirmation submitted by an attorney who has no personal knowledge of the facts is without evidentiary value" (New York Community Bank v Bank of Am., N.A., 169 AD3d 35, 38). Here, the only papers submitted in support of motion seq. no. 007 are counsel's affirmation and memorandum of law, neither of which is represented to have been made based on personal knowledge. Even if adequate evidence of the conditions asserted had been submitted, movant does not dispute that the criminal prosecutions are nevertheless not stayed. A blanket approach halting all of discovery is therefore unnecessary here. This court, newly assigned, will closely supervise the discovery [*3]process through case conferencing to ensure it is completed timely and fairly.
Motion seq. no. 008 merely purports to join motion seq. no. 006 and as such falls with it.[FN2]

While the court is not granting a stay while the appeals are pending, the court reiterates that the prior court's preliminary conference order's first deadlines are not until December 18, 2024 (NYSCEF doc no. 78). By that date, effectively all parties must have served their demands on each other, and 60 days from that date, responses to any previously served demands are due. Meanwhile depositions were not directed until July 30, 2025. Undoubtedly all parties, including plaintiff, are set to incur expenses in complying with the order, perhaps amid perfected appeals, oral argument, and the decision and order of the Appellate Division, First Department.
In this fraught context, the court encourages all parties to meet and confer within 20 days of entry of this order and make a diligent, good-faith effort to stipulate to a reasonable discovery schedule that equitably balances the need to proceed with the reality that the deadline to produce in February could be on the eve of, if not beyond, the date the appeals are decided. It may be possible to roll out certain high-impact, yet lower cost productions in early 2025 and leave some of the higher cost work until after February. Given that the parties and the prior court agreed to start depositions at the end of July, it is reasonable to believe that the approximately five months from when the appeals might be decided is more than enough time to complete all necessary pre-deposition discovery.
As the prior court did not schedule the compliance conference until April 28, 2025, this court will advance the next conference to a date in January 2025 to facilitate these goals. The parties are also free to stipulate to a proposed alternative date should they agree to modify the discovery schedule, and the court will consider the date.
CONCLUSION
Accordingly, it is
ORDERED that the motions are denied; and it is further
ORDERED that the denial of motion seq. no. 006 is without prejudice to any application for a stay before the Appellate Division, First Department, as described above; and it is further
ORDERED that all parties shall read and abide and be bound by the Part 23 Rules, available at https://www.nycourts.gov/legacypdfs/courts/1jd/supctmanh/Rules/Part23-Rules.pdf; and it is further
ORDERED that, within 20 days of entry, all parties shall meet and confer in the spirit described and report jointly to the court by email to the Clerk of Part 23 as to the outcome; and it is further
ORDERED that the compliance conference is advanced to January 22, 2025, at 9:30 a.m.; and it is further
ORDERED that the copies of the decision and order filed on November 18, 2024, at NYSCEF document numbers 90-92, are vacated; and it is further
ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with [*4]notice of entry on movants.
The foregoing constitutes the decision and order of the court.
DATE 11/19/2024
ERIC SCHUMACHER, J.S.C.

Footnotes

Footnote 1:The return date of motion seq. no. 006 was November 4, 2024 (NYSCEF doc no. 69). The return date of motion seq. no. 007 was November 11, 2024 (NYSCEF doc no. 84). The return date of motion seq. no. 008 was November 8, 2024 (NYSCEF doc no. 79). No movant filed reply papers. While eCourts shows that the motions were "admin[istratively] adjourned pending reassignment," such adjournments relate not to the submission of papers as noticed by parties but to the scheduling of oral argument or the disposition of motions. The CPLR and the parties' notices of motion or stipulations control as to such timing. The reassignment occurred effective November 11, 2024.

Footnote 2:The court does not accept arguments by letter, and as such, the letters of The Walt Disney Company concerning the motions are not properly before the court and are of no moment (NYSCEF doc nos. 81, 85).